**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISANA**

| | | |
|---|---|---|
| **KIM CARLSON LEWIS, ET AL.,** | § | **CIVIL ACTION NO. 1:26-CV** |
| *Plaintiffs,* | § | **00172-DDD-JPM** |
| | § | |
| **v.** | § | |
| | § | |
| | § | **JUDGE DEE D. DRELL** |
| **HARRIS COUNTY, TEXAS; ET AL.,** | § | |
| *Defendants.* | § | |
| | § | **MAGISTRATE JUDGE JOSEPH** |
| | § | **H L PEREZ-MONTES** |

## DEFENDANT ED GONZALEZ MEMORANDUM IN SUPPORT OF 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant, Ed Gonzalez ("Sheriff Gonzalez") respectfully submits this memorandum in support of its Motion to Dismiss Plaintiff's Original Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons addressed below, the motion should be granted, and the 42 U.S.C. §1983 claims contained in the Original Petition filed against Defendant by Plaintiffs should be dismissed with prejudice, for failure to state a claim upon which relief may be granted.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ............................... 1

II.   STATEMENT OF ISSUES, SUMMARY OF ARGUMENT AND STANDARD OF
      REVIEW .......................................................................................................... 3

      A.    Statement of Issues ............................................................................... 3

      B.    Summary of Argument .......................................................................... 4

      C.    Standard of Review................................................................................ 4

III.  ARGUMENT AND AUTHORITIES ................................................................... 6

      A. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Against Sheriff
          Gonzalez ............................................................................................ 6

IV.   CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

Cases

*al-Kidd*,
  563 U.S., 131 S.Ct. 2074 ..............................................................................10

*Alvarado v. City of Brownsville*,
  865 S.W. 2d 148 (Tex. App. – Corpus Christi 1993)............................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................... 5, 6, 8

*Bell v. Wolfish*,
  441 U.S. 520 (1979)...................................................................................11

*Brewer v. Hayne*,
  860 F.3d 819 (5th Cir. 2017)....................................................................10

*Cadena v. El Paso Cnty*.,
  946 F.3d 717 (5th Cir. 2020).....................................................................11

*Carnaby v. City of Houston*,
  646 F.3d 183 (5th Cir. 2011) ......................................................................8

*Carroll v. Ellington*,
  800 F.3d 154 (5th Cir. 2015)....................................................................10

*Collie v. Barron*,
  747 F. App'x 950 (5th Cir. 2018) ...............................................................9

*Dyer v. Houston*,
  964 F.3d 374 (5th Cir. 2020)....................................................................10

*Flores v. County of Hardeman*,
  124 F.3d 736 (5th Cir.1997).......................................................................9

*Hatcher v. City of Grant Prairie,*
No. 3:14-cv-432-M-2014 WL 389307, at *7………………………………………………*13*

*Hale v. King*,
  642 F.3d 492 (5th Cir. 2011) ......................................................................6

*Harlow v. Fitzgerald*,
  457 U.S. 800, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982) .......................................9

*Hillman v. Nueces County*,
  579 S.W. 354 (Tex. 2019) .........................................................................12

*Jones v. Lowndes Cnty., Miss.*,
  678 F.3d 344 (5th Cir. 2012)......................................................................8

*Malley v. Briggs*,
  475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)........................................9

*Mitchell v. Mills*,
  895 F.3d 365 (5th Cir. 2018)..................................................................10
*Monell v. New York City Dept. of Social Services*,
  436 U.S. 658 (1978)................................................................................7
*Montoya v. FedEx Ground Package Sys., Inc.*,
  614 F.3d 145 (5th Cir. 2010)...................................................................5
*Morgan v. Plano Indep. Sch. Dist.*,
  724 F.3d 579 (5th Cir. 2013)...........................................................11, 12
*Murphy v. Kellar*,
  950 F.2d 290 (5th Cir. 1992)...................................................................8
*Peterson v. Montgomery Cnty., Tex.*,
  No. 4:20-cv-4243, 2021 WL 4555234 (S.D. Tex. Oct. 5, 2021) ..........13
*Ramming v. United States*,
  281 F.3d 158............................................................................................5
*Reata Constr. Corp. v. City of Dallas*,
  197 S.W. 3d 371 (Tex. 2006) ................................................................12
*Sanders-Burns v. City of Plano*,
  594 F.3d 366 (5th Cir. 2010)...................................................................7
*Shaw v. Villanueva*,
  918 F.3d 414 (5th Cir. 2019)...................................................................6
*Staten v. Adams*,
  939 F. Supp. 2d 715 (S.D. Tex. 2013).....................................................9
*Taylor v. Books A Million, Inc.*,
  296 F.3d 376 (5th Cir. 2002)..............................................................5, 6
*Tex. Dep't of Transp. v. Jones*,
  8 S.W. 3d, 636 (Tex. 1999) ..................................................................12
*Twombly*,
  550 U.S. ..............................................................................................5, 6
*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*,
  336 F.3d 375 (5th Cir. 2003)..............................................................5, 6
*Valentine v. Collier*,
  978 F.3d 154 (5th Cir. 2020).................................................................11
*Williams-Boldware v. Denton County, Texas*,
  741 F.3d 635 (5th Cir. 2014).................................................................11
*Wyatt v. Fletcher*,
  718 F.3d 496 (5th Cir. 2013).................................................................10

Statutes

42 U.S.C. §1983 ................................................................................... i, 7

Tex. Civ. Prac & Rem. Code. §101.021 ................................................................12

Tex. Gov't Code §311.034 ...................................................................................12

Tex Civ. Prac. & Rem. Code. §101.057 ...............................................................13

Rules

Rule 12(b)(6) of the Federal Rules of Civil Procedure..................................... i, 4, 5

## I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.    This civil rights lawsuit stems from the death of Erik Carlson ("Decedent" or "Mr. Carlson"), who died of cardiac arrest on January 25, 2025, while in custody at the LaSalle Correctional Center. Pursuant to an agreement between Harris County, Texas and La Salle Corrections, Mr. Carlson was housed at LaSalle Correctional Center because of the overcrowding at the Harris County Jail. Docket Entry (DE) 1, ¶31.

2.    Plaintiffs, Kim Carlson Lewis and Lindsey Gratehouse bring their claims against Defendants Harris County, Texas, Harris County Sheriff Ed Gonzalez, LaSalle Correctional Center LLC, LaSalle Management Co. LLC, LaSalle Corrections LLC, Clay McConnell, William McConnell, John Stuckey, Paul Smith, Pamela Hearn, Charlotte Fussell, Tara Lindsey, Gwen Warren, Nurse Does and Officer Does for allegedly violating Mr. Carlson's Fourteenth Amendment Right to the United States Constitution for inadequate medical care.

3.    Plaintiffs assert that on Friday, January 17, 2025, Mr. Carlson arrived at LaSalle Correctional Center in Olla, Louisiana and started to feel sick. DE 1, ¶¶ 32,33. Plaintiffs assert Mr. Carlson sought medical treatment but was told he would need to get over-the-counter medication from commissary. *Id*., at ¶34. Plaintiffs assert LaSalle's sick call policy allowed detainees to submit sick call requests Monday through Friday, but a sick call or physician visit would cost $5, and if a

1

detainee required further evaluation or care they had to wait until a medical provider was on site on Wednesday or Thursday. *Id.*, at ¶35.

4.     Plaintiffs assert Mr. Carlson's illness worsened days later on January 21, 2025. *Id.*, at ¶39. Plaintiffs assert Mr. Carlson was unable to get medication from nurses. *Id.*, at ¶41. Plaintiffs assert that on Wednesday, January 22, 2025, Mr. Carlson's condition worsened and he began to cough up blood. *Id.*, at ¶¶ 43, 44. Plaintiffs assert on Thursday, January 23, 2025, Mr. Carlson's fever increased and the swelling in his neck worsened. *Id.*, at ¶46. Plaintiffs assert other detainees informed medical staff of Mr. Carlson's condition but no action was taken. *Id.*, at ¶48.

5.     Plaintiffs assert on Friday, January 24, 2025, Mr. Carlson was spitting up blood and his neck was swollen. *Id.*, at ¶56. Plaintiffs assert that Mr. Carlson was taken to the clinic and seen by a nurse and the nurse reported there was extreme swelling on his tongue the roof of his mouth. *Id.*, at ¶¶ 59,62. Plaintiffs assert the nurse called for Mr. Carlson to be transported to the ER, *Id.*, at ¶64.

6.     Plaintiffs assert as Mr. Carlson was being transported to another hospital from LaSalle Correctional Center he suffered cardiac arrest. *Id.*, at ¶66. Plaintiffs assert Mr. Carlson was declared deceased shortly after midnight on January 25, 2025. *Id.*

7.     Plaintiffs assert Mr. Carlson's death was a result of a peritonsillar abscess due to a strep throat infection. *Id.*, at ¶67.

8.      Plaintiffs assert Harris County and Sheriff Gonzalez sought to privatize the operation of the Harris County Jail by delegating final policy-making authority to LaSalle. *Id*., at ¶ 92. Plaintiffs assert Harris County and Sheriff Gonzalez were on notice that LaSalle had a policy providing inadequate medical care. *Id*., at ¶93.

9.      Plaintiffs allege Sheriff Gonzalez, in his individual capacity, is one of five supervisors, including Defendants Clay McConnell, William McConnell, John Stuckey, and Pamela Hearn, (the "Supervisor Defendants") who supervised one or more persons who violated Mr. Carlson's rights. *Id*., at ¶111. Plaintiffs assert the Supervisor Defendants adopted policies that encouraged or were indifferent to the provision of inadequate medical care within LaSalle facilities, including the Olla LLC., which caused Mr. Carlson's death. *Id*., at ¶112.

10.     Plaintiffs have not alleged facts that are sufficient to state a plausible claim against Sheriff Gonzalez in his individual or official capacity as Sheriff of Harris County, Texas. Defendant Gonzalez moves to dismiss Plaintiff's claims against him because Plaintiffs general, conclusory allegations are simply masquerading as factual conclusions of individual and governmental liability and nothing more.

## II.     STATEMENT OF ISSUES, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

### A. Statement of Issues

11.     The issues to be ruled upon by the Court are:

3

(A) Whether Plaintiffs failed to state a claim upon which relief can be granted against Sheriff Gonzalez.

(B) Whether Sheriff Gonzalez is entitled to qualified immunity.

(C) Whether Plaintiffs failed to plead a claim for wrongful death against Sheriff Gonzalez.

### B. Summary of Argument

12.    Defendant submits that under Rule 12(b)(6), Plaintiffs claims must be dismissed because Plaintiffs fail to state a viable individual capacity claim against Sheriff Gonzalez for any constitutional violation. Plaintiffs allegations against Sheriff Gonzalez are general conclusory allegations simply masquerading as factual conclusions of individual and governmental liability and nothing more. Plaintiffs pleading is devoid of any facts that are sufficient to state a plausible claim against Sheriff Gonzalez in his individual capacity. Plaintiffs have failed to plead a waiver of Sheriff Gonzalez's qualified immunity. Plaintiffs failed to plead and prove a clear and unambiguous legislative waiver of immunity for their wrongful death claim against the County and Sheriff Gonzalez. Even accepting the Plaintiffs facts as true, there are no factual allegations showing Sheriff Gonzalez engaged in conduct that violated Mr. Carlson's rights.

### C. Standard of Review

13.    If a complaint fails to state a claim upon which relief can be granted, a trial

4

court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001 "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. ). *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.

14.    "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378.

15.    Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir.

5

2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

16.      "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

### III.      ARGUMENT AND AUTHORITIES

**A. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted Against Harris County.**

17.    **Official Capacity Claim.** Plaintiffs can bring a §1983 suit against municipalities and municipal officials in their official capacity. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).

18.    Claims against Sheriff Gonzalez in his official capacity are treated as claims against the municipal entity he represents. Municipalities may be held liable under § 1983 for constitutional violations if: (1) there is a constitutional violation; (2) an official policy or custom; and (3) a showing that the official policy or custom was the operational force behind the constitutional violation. *See Monell v. Dep't of Soc. Ser.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

19.    Here, Plaintiff's Complaint, alleges that Defendant Harris County and Sheriff Gonzalez violated Mr. Carlson's constitutional rights. DE I, ¶¶ 103-109. Plaintiffs allegations against Harris County and Sheriff Gonzalez are conclusory and fail to establish a pattern of prior incidents necessary to support *Monell* liability.

20.    Plaintiff has failed to allege or show any kind of policy or custom which gave rise to the alleged inadequate medical care. As such, any claim against Sheriff Gonzalez in his official capacity should be dismissed as a matter of law. Moreover, when a plaintiff asserts claims against both the municipal entity and municipal official in his or her official capacity, the Court can dismiss the official capacity claim as "redundant" to the municipal entity claim. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010) (noting that plaintiff's § 1983 claims against a

7

governmental entity "render[ed] any official capacity claim against [an employee of that entity] redundant").

21. **Individual Capacity Claim.** Supervisory officials like the Sheriff are not liable for the actions of subordinates on any theory of vicarious liability; the doctrine of respondeat superior does not apply to such actions. *See Iqbal*, 556 U.S. at 676 (holding government officials may not be held liable for unconstitutional conduct of subordinates under theory of respondeat superior); *Carnaby v. City of Houston*, 646 F.3d 183, 189 (5th Cir. 2011) (holding government officials may be held liable solely for their own conduct).

22. Only direct acts or omissions of government officials — not those of their subordinates — will give rise to individual liability under section 1983. *See Jones v. Lowndes Cnty., Miss*., 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.' "). Thus, to state a section 1983 claim against someone like Sheriff Gonzalez in his individual capacity, Plaintiff had to allege the Sheriff was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. See Id.; *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). Plaintiff has provided no evidence to show that Sheriff Gonzalez was personally involved with the alleged inadequate medical care at LaSalle.

23.    **No Deliberate Indifference.** Plaintiffs have failed to plead or show any plausible factual allegations of deliberate indifference or causation by Sheriff Gonzalez. For the individual defendant, the plaintiff "must establish that the official(s) acted with subjective deliberate indifference to prove a violation of [his] constitutional rights." *Flores v. County of Hardeman*, 124 F.3d 736, 738-739 (5th Cir.1997). Other than bare allegations, Plaintiffs have failed to establish Sheriff Gonzalez had subjective knowledge of a substantial risk of serious harm to Plaintiff and responded with deliberate indifference to that risk. Accordingly, Plaintiffs claims against Gonzalez should be dismissed as a matter of law.

24.    **Sheriff Gonzalez is entitled to Qualified Immunity.** Public officials acting within the scope of their authority generally are shielded from civil liability by the doctrine of qualified immunity. See *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Qualified immunity "provides ample protections to all but the plainly incompetent or those who knowingly violate the law." *See Staten v. Adams*, 939 F. Supp. 2d 715, 723 (S.D. Tex. 2013). (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). It is a shield from " 'undue interference' " with a government official's duties and " 'potentially disabling threats of liability.' " *Collie v. Barron*, 747 F. App'x 950, 952 (5th Cir. 2018) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

25.    "When deciding whether the right allegedly violated was 'clearly established,' [a] court asks whether the law so clearly and unambiguously prohibited the conduct that every reasonable official would understand that what he is doing violates the law." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (emphasis in original); see also *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015) ("A government official's acts are not objectively unreasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's rights."). In other words, precedent existing at the time of the challenged conduct "must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074.

26.    When a defendant pleads qualified immunity, the burden shifts to the plaintiff, "who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020). "Qualified immunity is a complete defense, and [a defendant is] entitled to summary judgment on the basis of qualified immunity unless [the plaintiff] can show triable issues as to whether [the defendant] violated a clearly established right of which a reasonable officer would have been aware." *Brewer v. Hayne*, 860 F.3d 819, 824 (5th Cir. 2017). A plaintiff does not satisfy this burden with conclusory allegations based on speculation or unsubstantiated assertions of wrongdoing. *See Mitchell v. Mills*, 895 F.3d 365, 370

10

(5th Cir. 2018); *Williams-Boldware v. Denton County, Texas*, 741 F.3d 635, 643–44 (5th Cir. 2014). Plaintiff has not alleged or shown any conduct by Sheriff Gonzalez that violated a clearly established right. For this reason, Sheriff Gonzalez is entitled to qualified immunity.

added).

27.   **Conditions of Confinement.** In a conditions of confinement case, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

28.   "To show a violation, inmates must prove that they were exposed 'to a substantial risk of serious harm" and "that prison officials acted or failed to act with deliberate indifference to that risk.'" *Valentine v. Collier*, 978 F.3d 154, 162 (5th Cir. 2020). Plaintiffs pleading falls short of showing that Harris County or Sheriff Gonzalez's decision to house inmates at LaSalle Correctional Center exposed them to a substantial risk of serious harm in violating Mr. Carlson's constitutional rights and amounted to punishment. Plaintiffs have failed to state a conditions of confinement claim and their claims against Harris County should be dismissed.

29.   **Wrongful Death.**   It is well settled that governmental immunity provides political subdivisions of the State, including the County, with complete immunity from suit and liability, unless the immunity is waived. *See Morgan v. Plano Indep.*

11

*Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013)(internal citation omitted); *see also*

*Hillman v. Nueces County*, 579 S.W. 354,357 (Tex. 2019). Courts interpret waivers

of immunity narrowly because the intent to waive must be clear and unambiguous.

*Morgan*, 724 F.3d at 584; *see also* Tex. Gov't Code §311.034. The party suing the

governmental entity has the burden to both plead and prove a clear and unambiguous

legislative waiver of immunity. *See Morgan*, 724 F.3d at 583; *see also Tex. Dep't of*

*Transp. v. Jones*, 8 S.W. 3d, 636, 638 (Tex. 1999). Waiver is never presumed. See

*Reata Constr. Corp. v. City of Dallas*, 197 S.W. 3d 371, 374 (Tex. 2006).

30.     Under the Texas Tort Claims Act ("TTCA"), a governmental entity may be

liable for an employee's negligence under respondeat superior if immunity has been

waived by the statue. See Tex. Civ. Prac & Rem. Code. §101.021. For Harris County

or Sheriff Gonzalez to be held liable for the acts of an employee under the TTCA,

the claim must arise under on of the specific areas of liability and the claim may not

fall within an exception of the waiver. *See Alvarado v. City of Brownsville*, 865 S.W.

2d 148, 155 (Tex. App. – Corpus Christi 1993*), rev'd on other grounds*, 897 S.W.

2d 750 (Tex. 1995); see also Tex. Civ. Prac. & Rem. Code. §101.021 (list of

exception to waiver).

31.     Here, Plaintiffs make a state law tort claims against all "Defendants" in the

plural capacity, for wrongful death. DE 1, ¶¶ 125-130. This claim is based on the

death of Mr. Carlson and does not fall within the limited waiver under the TTCA

12

waiver. *See Peterson v. Montgomery Cnty., Tex.*, No. 4:20-cv-4243, 2021 WL 4555234, at *3 (S.D. Tex. Oct. 5, 2021). "Federal courts, interpreting Texas law, have found that claims for wrongful death… are intentional torts for which governmental units have not waived immunity under the TTCA." *Hatcher v. City of Grant Prairie*, No. 3:14-cv-432-M- 2014 WL 389307, at *7 (N.D. Tex. Aug 6, 2014); *see also* Tex Civ. Prac. & Rem. Code. §101.057. As a result, Plaintiffs have failed to plead and prove a clear and unambiguous legislative waiver of immunity for their wrongful death against the County and Sheriff Gonazlez. Harris County Harris County remains cloaked by governmental immunity and Plaintiffs have failed to state a claim for which relief can be granted against the County. The state law claim against Harris County and Sheriff Gonzalez must be dismissed as a matter of law.

## IV.    CONCLUSION

For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Sheriff Gonzalez. Accordingly, Sheriff Gonzalez is entitled to dismissal of Plaintiff's claims as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Sheriff Ed Gonzalez requests that the Court grant its motion and enter an order dismissing Plaintiffs claims, award costs and attorneys' fees and grant all other relief to which Defendant is entitled.

Date: March 12, 2026.

Respectfully submitted,


By:    */s/ Susannah Mitcham*
       **SUSANNAH MITCHAM\***
       Assistant County Attorney
       ATTORNEY IN CHARGE
       Texas State Bar No. 24107219
       Federal ID No. 3640160
       Phone: (713) 274-5193 (direct)
       susannah.mitcham@harriscountytx.gov

By:    */s/ Seth Hopkins*
       **SETH HOPKINS**
       Senior Assistant County Attorney for
       Litigation
       Louisiana Bar No. 26341
       Tel: (337) 540-9120
       Seth.Hopkins@harriscountytx.gov
       LOCAL COUNSEL


       **OFFICE OF THE HARRIS COUNTY
       ATTORNEY**
       1019 Congress Street
       Houston, Texas 77002

       *admitted pro hac vice*

       **ATTORNEYS FOR HARRIS COUNTY
       and SHERIFF GONZALEZ**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 12, 2026, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure.

*/s/ Susannah Mitcham*
SUSANNAH MITCHAM
