UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| KIM CARLSON LEWIS, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:26-cv-00172 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************** | * | **JURY TRIAL REQUESTED** |

## <u>MEMORANDUM IN SUPPORT OF</u>
## <u>RULE 12(b)(6) MOTION TO DISMISS</u>
## <u>CLAIMS BY PLAINTIFF, KIM CARLSON LEWIS AND</u>
## <u>PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES UNDER STATE LAW</u>

MAY IT PLEASE THE COURT:

Plaintiffs, Kim Carlson Lewis, as Personal Representative of Erik Carlson, deceased, and on her own behalf, and Lindsey Gratehouse, on behalf of her minor child M.G. ("Plaintiffs"), have filed suit against Defendants, LaSalle Correctional Center, L.L.C., LaSalle Management Company, L.L.C., LaSalle Corrections, LLC (incorrectly named "LaSalle Corrections, L.L.C."), William McConnell, Clay McConnell, John Stuckey, Paul Smith, Pamela Hearn, M.D., Gwen Warren, Charlette Fussell (incorrectly named "Charlotte Fussell"), and Tara Lindsey (hereinafter "Defendants"). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants respectfully request the Court to enter an order dismissing with prejudice all claims brought against them by Plaintiff, Kim Carlson Lewis. Defendants further respectfully request the Court enter an order dismissing with prejudice the claims brought against them by Plaintiff, Lindsey Gratehouse, on behalf of her minor child M.G., to the extent those claims seek either punitive damages for alleged violations of state law or any alleged damages suffered by Mr. Carlson's mother, grandmother, or fiancé.

# TABLE OF CONTENTS

**Page**

Background ............................................................................................................. 1

Law and Argument ................................................................................................ 2

    I.     Legal Standard. ........................................................................................ 2

    II.    Kim Carlson Lewis lacks standing to bring this lawsuit........................ 3

         A.     Louisiana Survival and Wrongful Death Statutes....................... 3

         B.     Kim Carlson Lewis lacks standing to bring 42 U.S.C. § 1983 claims. ......................................................................................... 5

         C.     Kim Carlson Lewis lacks standing to bring state laws claims................... 6

    III.   Damages sought for the pain and suffering of non-party individuals should also be dismissed............................................................................... 8

    IV.   Punitive damages are not available for the alleged violations of state law. ........... 9

Conclusion ......................................................................................................... 10

**Page(s)**

**Cases**

*Abraugh v. Altimus*,
    26 F.4th 298 (5th Cir. 2022) ...........................................................................................5

*Alvarado v. CITGO Petro. Corp.*,
    No. 25-40455, 2026 U.S. App. LEXIS 6463 (5th Cir. Mar. 4, 2026) .......................................3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................................................2, 3

*Coghlan v. Wellcraft Marine Corp.*,
    240 F.3d 449 (5th Cir. 2001) .........................................................................................6

*Cupps v. La. State Police*,
    No. 12-0123, 2013 U.S. Dist. LEXIS 74107 (M.D. La. May 24, 2013)..............................6, 7

*Jenkins v. Mangano Corp.*,
    774 So. 2d 101 (La. 2000) .............................................................................................5

*Johnson v. Harris County*,
    83 F.4th 941 (5th Cir. 2023) .......................................................................................2, 3

*Martinez v. Foster*,
    No. 4:13CV59, 2017 U.S. Dist. LEXIS 47787 (E.D. Tex. Mar. 10, 2017) .............................6

*McGee v. Arkel Int'l, LLC*,
    671 F.3d 539 (5th Cir. 2012) .......................................................................................7, 9

*Melancon v. Louisiana*,
    No. 11-1794, 2013 U.S. Dist. LEXIS 42955 (W.D. La. Mar. 26, 2013) .................................5

*Nelson v. Univ. of Tex. Med. Branch*,
    No. 6:24cv022, 2025 U.S. Dist. LEXIS 41555 (E.D. Tex. Feb. 7, 2025) ...............................5

*Pluet v. Frasier*,
    355 F.3d 381 (5th Cir. 2004) .........................................................................................5

*Ross v. Conoco, Inc.*,
    828 So. 2d 546 (La. 2002) ...........................................................................................10

*Ruiz v. Brennan*,
    851 F.3d 464 (5th Cir. 2017) .........................................................................................3

*Salinas v. City of Houston*,
  138 F.4th 822 (5th Cir. 2025) ......................................................................................5

*White v. Livingston*,
  No. 08-2413, 2009 U.S. Dist. LEXIS 79423 (S.D. Tex. Sep. 3, 2009) ......................................5

**Statutes**

28 U.S.C. § 1367.............................................................................................................6

42 U.S.C. § 1983.......................................................................................................1, 3, 5, 6

42 U.S.C. § 1988.............................................................................................................5

La. Civ. Code Ann. art. 2315 ........................................................................................3, 4, 6, 8

La. Civ. Code Ann. art. 3543 ...........................................................................................7

La. Civ. Code Ann. art. 3546 ...........................................................................................9

**Other Authorities**

Fed. R. Civ. Proc. 8.........................................................................................................2

Fed. R. Civ. Proc. 12.......................................................................................................2

**BACKGROUND**

This is a civil rights lawsuit arising from the death of pretrial detainee Erik Carlson.[1] According to Plaintiffs' Complaint, Erik Carlson died from complications related to a peritonsillar abscess due to a strep throat infection.[2] Plaintiffs have brought suit against Defendants alleging entitlement to damages, punitive damages, and attorney fees, costs, and interest for alleged violations of federal law, including 42 U.S.C. § 1983, and state law.[3]

Plaintiffs are:

(1)     Kim Carlson Lewis, the mother of Erik Carlson,[4] who brings this lawsuit as Personal Representative of Erik Carlson, and on her own behalf; and

(2)     Lindsey Gratehouse, the mother of Erik Carlson's minor child M.G.,[5] who brings this lawsuit on behalf of M.G.

Plaintiffs allege Erik Carlson was arrested on January 5, 2025, in Houston, Texas.[6] He was transferred to LaSalle Correctional Center in Olla, Louisiana on Friday, January 17, 2025.[7] At an unspecified time, Mr. Carlson allegedly started to feel sick with a sore throat.[8] This sickness purportedly progressed over the next few days and his condition continued to deteriorate.[9] Plaintiffs allege that Mr. Carlson filled out two sick call requests and was taken to be evaluated by the nurse at the Olla facility's clinic on January 24, 2025.[10] At that time, the clinic nurse called for Mr. Carlson to be taken to the emergency room at LaSalle General Hospital for further treatment of his condition.[11] After initial treatment at LaSalle General Hospital, Mr. Carlson was scheduled

---

[1] Doc. 1, pp. 2-4.
[2] *Id.* at p. 12.
[3] *Id.* at pp. 24-26.
[4] *Id.* at p. 5.
[5] *Id.*
[6] *Id.* at p. 8.
[7] *Id.* at p. 9.
[8] *Id.*
[9] *Id.* at pp. 9-10.
[10] *Id.* at pp. 10-11.
[11] *Id.* at p. 12.

to be transferred to another hospital to receive a higher level of care.[12] During his transfer by ambulance, Mr. Carlson suffered cardiac arrest and was declared deceased shortly after midnight on January 25, 2025.[13]

## LAW AND ARGUMENT

Kim Carlson Lewis lacks standing for both her federal and state law claims. Ms. Lewis's claims should be dismissed with prejudice. Additionally, Plaintiffs also lack standing to assert claims for damages allegedly suffered on behalf of Mr. Carlson's grandmother or fiancé, and any claims asserted on their behalf should likewise be dismissed with prejudice. Furthermore, any claims by Plaintiffs for punitive damages against Defendants should be dismissed with prejudice to the extent they are based on alleged violations of state law.

## I.      Legal Standard.

Pursuant to Federal Rule of Civil Procedure 12, a defendant may move the Court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Johnson v. Harris County*, 83 F.4th 941, 945 (5th Cir. 2023) (citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The standard for the adequacy of pleadings seeking to state a claim for relief is governed by Rule 8(a), which requires that a pleading contain a short plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to

---

[12] Doc. 1, p. 12.
[13] *Id.*

dismiss, the complaint "must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, Courts must accept all factual allegations as true, but Courts do not need to accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as facts. *See Alvarado v. CITGO Petro. Corp.*, No. 25-40455, 2026 U.S. App. LEXIS 6463, at *3 (5th Cir. Mar. 4, 2026) (internal quotations omitted). Naked assertions devoid of further factual enhancement do not survive a motion to dismiss. *Johnson*, 83 F.4th at 945 (citations omitted).

## II. Kim Carlson Lewis lacks standing to bring this lawsuit.

Louisiana's Survival and Wrongful Death Statutes determine whether Kim Carlson Lewis has standing to bring her claims against Defendants in this matter. Standing to bring claims under both 42 U.S.C. § 1983 and state law is determined by the forum state's survival and wrongful death statutes. Under Louisiana's Survival and Wrongful Death Statutes, a mother of a decedent is precluded from bringing a claim if the decedent is also survived by a child. Plaintiffs allege that Kim Carlson Lewis is the mother of Erik Carlson.[14] Plaintiffs also allege that Erik Carlson is survived by a minor child.[15] Accordingly, Kim Carlson Lewis's claims must be dismissed.

### A. Louisiana Survival and Wrongful Death Statutes.

Survival actions in Louisiana are governed by La. Civ. Code Ann. § 2315.1, which provides that an action belonging to a decedent survives in favor of:

---

[14] Doc. 1, p. 5.
[15] *Id.*

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

La. Civ. Code Ann. § art. 2315.1. Moreover, while a "succession representative" may urge the decedent's right to recover in a survival action, she may do so only "in the absence of any class of beneficiary" set out above. *Id.* Thus, it is of no moment that Plaintiffs allege Ms. Lewis is Erik Carlson's "Personal Representative" as the existence of Mr. Carlson's child prevents Ms. Lewis's recovery regardless of her alleged status.

Wrongful death actions in Louisiana are governed by La. Code of Civ. Proc. art. 2315.2. Like the Survival Statute, the Wrongful Death Statute also limits recovery to the same hierarchy of persons. *See* La. Code of Civ. Proc. art. 2315.2. Those individuals again are:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

La. Civ. Code Ann. § art. 2315.2. The Wrongful Death Statute does not include a provision to allow a "personal" or "succession representative" to bring an action to recover damages sounding in wrongful death on behalf of other beneficiaries. *See id.* "When a [decedent] is survived by a

4

child, the parents of the [decedent] have no right to recover for the damages sustained by the [decedent] or for their own damages for the [decedent's] wrongful death." *Jenkins v. Mangano Corp.*, 774 So. 2d 101, 105 (La. 2000). Furthermore, while potential compensable damages may include "loss of consortium, services, and society," those damages are only recoverable by "the same respective categories of persons who would have had a cause of action for wrongful death." La. Civ. code Ann. § art. 2315.

B.     <u>Kim Carlson Lewis lacks standing to bring 42 U.S.C. § 1983 claims.</u>

Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988. *Abraugh v. Altimus*, 26 F.4th 298, 302 (5th Cir. 2022). Under § 1988, the application of state law is appropriate in lawsuits when federal laws are "not adapted to the object or are deficient" in the administration of civil rights actions. *See* 42 U.S.C. § 1988. One such instance when federal laws are "deficient" in the administration of civil rights matters is for the determination of standing. The Fifth Circuit has held that courts must interpret § 1988 to require application of state law survival and wrongful death statutes when determining standing to bring §1983 claims. *See Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004); *Salinas v. City of Houston*, 138 F.4th 822, 828-29 (5th Cir. 2025) (holding a plaintiff must have standing under the state wrongful death or survival statutes to bring claims under 42 U.S.C. § 1983). In determining whether a plaintiff has standing, courts apply the survival action and wrongful death laws of the forum state. *E.g., Melancon v. Louisiana*, No. 11-1794, 2013 U.S. Dist. LEXIS 42955, at *4 (W.D. La. Mar. 26, 2013); *White v. Livingston*, No. 08-2413, 2009 U.S. Dist. LEXIS 79423, at *10 (S.D. Tex. Sep. 3, 2009) (citing *Robertson v. Wegmann*, 436 U.S. 584 (1978); *Nelson v. Univ. of Tex. Med. Branch*, No. 6:24cv022, 2025 U.S. Dist. LEXIS 41555, at *10 (E.D. Tex. Feb. 7, 2025).

This matter is pending in the Western District of Louisiana. Therefore, the laws of Louisiana—the forum state—will apply when determining standing to bring § 1983 claims. Under

Louisiana's Survival and Wrongful Death Statutes, a decedent's surviving parent does not have standing to bring a survival or wrongful death claim when the decedent is also survived by a child. La. Civ. Code Ann. § arts. 2315.1 & 2315.2. Plaintiffs allege that Erik Carlson is survived by his mother—Kim Carlson Lewis, and his minor child—M.G.[16] Accordingly, Kim Carlson Lewis lacks standing to bring the § 1983 claims she asserts in this matter. Ms. Lewis's § 1983 claims should be dismissed with prejudice.

    C.    <u>Kim Carlson Lewis lacks standing to bring state laws claims.</u>

A § 1983 plaintiff who alleges wrongful death must have standing and capacity under state law. *Martinez v. Foster*, No. 4:13CV59, 2017 U.S. Dist. LEXIS 47787, at \*6 (E.D. Tex. Mar. 10, 2017) (citing *Pluet v. Frazier*, 355 F.3d 381, 383 (5th Cir. 2004)). Kim Carlson Lewis alleges Defendants are liable to her under state law, and she seeks "to recover damages sounding in wrongful death."[17] Similar to her federal law claims, Kim Carlson Lewis's state law claims should be dismissed as well because she also lacks standing for her state law claims.

In federal question jurisdiction cases, where a court exercises supplemental jurisdiction over state law claims, a federal court applies the choice of law rules of the forum state to the state law claims. *Cupps v. La. State Police*, No. 12-0123, 2013 U.S. Dist. LEXIS 74107, at \*7-8 (M.D. La. May 24, 2013); *see also Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 452 n.2 (5th Cir. 2001) ("When deciding matters of state law, a federal court must apply the choice-of-law rules of the state in which it sits"). Plaintiffs allege this Court has federal question jurisdiction.[18] Further, Plaintiffs allege this Court has supplemental jurisdiction over their state law claims under 28

---

[16] Doc. 1, p. 5.
[17] *Id.* at pp. 5, 24-26
[18] *Id.* at p. 4.

U.S.C. § 1367.[19] Thus, the choice of law rules of Louisiana—the forum state—will apply to determine which state's law to apply to Plaintiffs' state law claims.

Louisiana's choice of law rules are contained in Book Four of the Louisiana Civil Code. When interpreting the choice of law rules, the more specific rule will govern in place of the more general rule. *See McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 543 (5th Cir. 2012). Louisiana Civil Code art. 3543 is the specific choice of law rule that applies to this matter. *See id.* (applying article 3543 to a lawsuit filed by plaintiffs claiming wrongful death). Article 3543 provides:

> Issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred, if the injury occurred in that state or in another state whose law did not provide for a higher standard of conduct.
>
> In all other cases, those issues are governed by the law of the state in which the injury occurred, provided that the person whose conduct caused the injury should have foreseen its occurrence in that state.
>
> The preceding paragraph does not apply to cases in which the conduct that caused the injury occurred in this state and was caused by a person who was domiciled in, or had another significant connection with, this state. These cases are governed by the law of this state.

La. Civ. Code Ann. art. 3543. "The law of the state in which both the wrongful conduct and resulting injury occurred will apply 'regardless of the domicile of the parties or any other factors.'" *McGee*, 671 F.3d at 543 (quoting La. Civ. Code art. 3543 cmt. (d)). Here, Plaintiffs allege the wrongful conduct (alleged violations of state and federal law) and resulting injury (Mr. Carlson's death) occurred in Louisiana.[20] Pursuant to Louisiana's choice of law rules, Louisiana law applies to Plaintiffs' state law claims.

---

[19] Doc. 1, p. 4.
[20] *Id.* at pp. 9-12.

As set forth in Sections II(A), *supra*, Kim Carlson Lewis cannot recover under Louisiana's Survival and Wrongful Death Statutes because Mr. Carlson is alleged to have been survived by a child. Therefore, Ms. Lewis lacks standing to bring state law claims against Defendants in this matter and those claims should be dismissed with prejudice.

## III. Damages sought for the pain and suffering of non-party individuals should also be dismissed.

Assuming the allegations in Plaintiffs' Complaint to be true, Plaintiffs may only seek damages on behalf of Mr. Carlson's child, M.G. Plaintiffs allege that Erik Carlson's "mother, grandmother, and child have lost his love, affection, companionship, services, and support" and have "experienced pain, suffering, and distress" as a result of his death.[21] Plaintiffs also allege that they bring this lawsuit to redress harm suffered by Mr. Carlson's "mother, grandmother, fiancé, and daughter."[22] Plaintiffs cannot recover any damages that are sought for alleged losses suffered by Mr. Carlson's mother, grandmother, or fiancé, and those claims should be dismissed with prejudice.

As set forth in Section II, *supra*, Louisiana law governs standing in this lawsuit. Under Louisiana law, both Mr. Carlson's mother and grandmother lack standing to bring a survival or wrongful death claim in this matter because Mr. Carlson is survived by a child. *See* La. Civ. code Ann. arts. 2315.1 & 2315.2. Furthermore, while the civil code provides for a survival or wrongful death action for the spouse of a decedent, that right does not extend to a decedent's fiancé. *See id.* Moreover, the Louisiana Civil Code provides that damages for the "loss of consortium, services, and society," are only recoverable by "the same respective categories of persons who would have had a cause of action for wrongful death." La. Civ. code Ann. art. 2315.

---

[21] Doc. 1, p. 26.
[22] *Id.* at p. 4.

To the extent Plaintiffs seek to recover damages on behalf of Erik Carlson's mother, grandmother, or fiancé for the loss of "love, affection, companionship, services, and support" or for experiencing "pain, suffering, and distress," those claims should also be dismissed. Erik Carlson's mother, grandmother, and fiancé lack standing under Louisiana's Wrongful Death Statute. Any claims for damages contained in Plaintiffs' Complaint that are asserted for alleged losses suffered by Mr. Carlson's relations other than his child, M.G., should be dismissed with prejudice.

**IV.    Punitive damages are not available for the alleged violations of state law.**

To the extent Plaintiffs are claiming punitive damages for alleged violations of state law, those claims should be dismissed. As set forth in Section II(C), *supra*, Louisiana's choice of law rules control which state law applies in this matter.

When choice of law rules conflict, the more specific rule applies. *See McGee*, 671 F.3d at 543. The Louisiana Civil Code has a specific choice of law article that addresses the availability of punitive damages. *See* La. Civ. Code Ann. art. 3546. Article 3546 provides that punitive damages may not be awarded unless authorized either:

> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
>
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

La. Civ. Code Ann. art. 3546. Once again, Plaintiffs allege the injurious conduct (alleged violations of state and federal law) and resulting injury (Mr. Carlson's death) occurred in Louisiana.[23] Therefore, Louisiana law applies when determining whether punitive damages are available.

---

[23] Doc. 1, pp. 9-12.

In Louisiana, there is a general public policy against punitive damages. *Ross v. Conoco, Inc.*, 828 So. 2d 546, 555 (La. 2002). A fundamental tenet of Louisiana law is that punitive or other penalty damages are not allowed unless expressly authorized by statute. *Id.* Plaintiffs fail to cite any statute in their Complaint that would provide the ability to recover punitive damages for the alleged violations of state law.[24] Thus, to the extent Plaintiffs seek punitive damages for alleged state law violations, those claims should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants respectfully move the Court to enter an order dismissing with prejudice all claims by Plaintiff, Kim Carlson Lewis, for lack of standing. Further, to the extent Plaintiffs seek to recover any alleged damages suffered by Mr. Carlson's mother, grandmother, or fiancé, those claims should likewise be dismissed with prejudice. Defendants further request the Court to dismiss with prejudice any claims brought by Plaintiffs that seek punitive damages for alleged violations of state law.

[*signature on next page*]

---

[24] *See* Doc. 1.

Respectfully submitted,

*/s/ Ryan G. Lavelle*
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR LASALLE*
*CORRECTIONAL CENTER, L.L.C.,*
*LASALLE CORRECTIONS, LLC, LASALLE*
*MANAGEMENT COMPANY, L.L.C.,*
*WILLIAM McCONNELL, CLAY*
*McCONNELL, JOHN STUCKEY, PAUL*
*SMITH, PAMELA HEARN, M.D., GWEN*
*WARREN, CHARLETTE FUSSELL, and*
*TARA LINDSEY*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 16, 2026, a copy of this pleading was filed electronically with the

Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Ryan G. Lavelle*
RYAN G. LAVELLE