UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| KIM CARLSON LEWIS, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:26-cv-00172 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| *********************************** | * | **JURY TRIAL REQUESTED** |

### MEMORANDUM IN SUPPORT OF
### RULE 12(b)(6) MOTION TO DISMISS
### LASALLE CORRECTIONAL CENTER, L.L.C., LASALLE MANAGEMENT
### COMPANY, L.L.C., AND LASALLE CORRECTIONS, LLC

MAY IT PLEASE THE COURT:

Plaintiffs, Kim Carlson Lewis, as Personal Representative of Erik Carlson, deceased, and on her own behalf, and Lindsey Gratehouse, on behalf of her minor child M.G. ("Plaintiffs"), have filed suit against Defendants, LaSalle Correctional Center, L.L.C. ("LCC"), LaSalle Management Company, L.L.C. ("LMC"), and LaSalle Corrections, LLC ("LC") (collectively the "LaSalle-branded Entities"). Pursuant to Fed. R. Civ. P. 12(b)(6), and for the reasons set forth below, the LaSalle-branded Entities respectfully request the Court to enter an order dismissing all Plaintiffs' claims brought against them, with prejudice.

## TABLE OF CONTENTS

**Page**

Background ............................................................................................................... 1

    I.    Factual background. ..................................................................................... 1

    II.    Plaintiffs' claims against the LaSalle-branded Entities. ........................................ 2

Law and Argument ................................................................................................... 3

    I.    Legal Standard. ........................................................................................... 3

    II.    Plaintiffs failed to sufficiently plead a plausible claim under 42 U.S.C. § 1983 ....................................................................................................... 4

        A.    Plaintiffs' practice of group pleading claims against LCC, LMC, and LC is insufficient to support a plausible claim for § 1983 liability. ...................................................................................... 5

        B.    Plaintiffs failed to plead sufficient facts to support their allegation that an unconstitutional policy or custom existed at LaSalle Correctional Center. ...................................................................... 6

        C.    Plaintiffs failed to plead sufficient facts to support their allegation that an alleged policy or custom was ratified or promulgated by a policymaker. ............................................................................. 11

        D.    Plaintiffs failed to plead sufficient facts to support their allegation that an alleged policy or custom was the "moving force" behind any constitutional violation. ....................................................... 12

        E.    Plaintiffs failed to sufficiently plead a claim for failure to train. .............. 13

        F.    LCC, LMC, and LC cannot be held vicariously liable under § 1983 .............................................................................................. 14

    III.    Plaintiffs failed to state a plausible claim under state law. ................................. 14

Conclusion .............................................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarado v. CITGO Petro. Corp.*,
   No. 25-40455, 2026 U.S. App. LEXIS 6463 (5th Cir. Mar. 4, 2026) ......................................4

*Anderson v. Marshall Cty.*,
   637 F. App'x 127 (5th Cir. 2016) ........................................................................................13

*Armstrong v. Ashley*,
   60 F.4th 262 (5th Cir. 2023) .................................................................................5, 6, 7, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................3, 4, 5

*City of Canton v. Harris*,
   489 U.S. 378 (1989)..........................................................................................................12

*Damond v. City of Rayville*,
   127 F.4th 935 (5th Cir. 2025) .....................................................................................9, 10, 14

*Edwards v. City of Balch Springs, Texas*,
   70 F.4th 302 (5th Cir. 2023) ................................................................................................6

*Fraire v. City of Arlington*,
   957 F.2d 1268 (5th Cir. 1992) ...........................................................................................12

*Groden v. City of Dallas, Tex.*,
   826 F.3d 280 (5th Cir. 2016) .............................................................................................11

*Johnson v. Harris County*,
   83 F.4th 941 (5th Cir. 2023) .......................................................................................3, 4, 15

*Martinez v. City of N. Richland Hills*,
   846 F. App'x 238 (5th Cir. 2021) ....................................................................................6, 11

*Martinez v. Nueces Cty.*,
   71 F.4th 385 (5th Cir. 2023) .............................................................................................8, 13

*Munajj v. City of Fredericksburg*,
   No. 25-50535, 2026 U.S. App. LEXIS 9483 (5th Cir. Apr. 1, 2026)................................12, 13

*Oklahoma City v. Tuttle*,
   471 U.S. 808 (1985)..........................................................................................................14

*Oliver v. Scott*,
276 F.3d 736 (5th Cir. 2002) ........................................................................................14

*Pembaur v. City of Cincinnati*,
475 U.S. 469 (1986)......................................................................................................12

*Peña v. City of Rio Grande City*,
879 F.3d 613 (5th Cir. 2018) ........................................................................................11

*Peterson v. City of Fort Worth*,
588 F.3d 838 (5th Cir. 2009) .................................................................................5, 9, 10

*Piotrowski v. City of Houston*,
237 F.3d 567 (5th Cir. 2001) ..........................................................................................6

*Roberts v. Benoit*,
605 So. 2d 1032 (La. 1992) ...........................................................................................15

*Ruiz v. Brennan*,
851 F.3d 464 (5th Cir. 2017) ...........................................................................................4

*Saenz v. City of El Paso*,
637 F. App'x 828 (5th Cir. 2016) ..................................................................................10

*Smith v. Prator*,
21-0620, 2022 U.S. Dist. LEXIS 179384 (W.D. La. Sep. 30, 2022)..............................14, 15

*Thomas v. Gilley*,
No. 3:22-06174, 2023 U.S. Dist. LEXIS 181030 (W.D. La. Sep. 20, 2023).......................4, 12

*Verastique v. City of Dallas*,
106 F.4th 427 (5th Cir. 2024) .....................................................................................9, 10

**Statutes**

42 U.S.C. § 1983.................................................................................................. *passim*

La. Civ. Code Ann. art. 2315 ...........................................................................................14

**Other Authorities**

Fed. R. Civ. Proc. 8..................................................................................................3, 4

Fed. R. Civ. Proc. 10..................................................................................................3

Fed. R. Civ. Proc. 12..................................................................................................3, 4

**BACKGROUND**

I.      **Factual background.**

This is a civil rights lawsuit arising from the death of pretrial detainee Erik Carlson.[1]

According to Plaintiffs' Complaint, Erik Carlson died from complications related to a peritonsillar

abscess due to a strep throat infection.[2] Plaintiffs have brought suit against LCC, LMC, and LC

alleging entitlement to damages, punitive damages, and attorney fees, costs, and interest for alleged

violations of federal law, including 42 U.S.C. § 1983, and state law.[3]

Plaintiffs are:

(1)     Kim Carlson Lewis, the mother of Erik Carlson,[4] who brings this lawsuit as Personal
        Representative of Erik Carlson, and on her own behalf; and

(2)     Lindsey Gratehouse, the mother of Erik Carlson's minor child M.G.,[5] who brings this
        lawsuit on behalf of M.G.

Plaintiffs allege Erik Carlson was arrested on January 5, 2025, in Houston, Texas.[6] He was

transferred to LaSalle Correctional Center in Olla, Louisiana on Friday, January 17, 2025.[7] At an

unspecified time, Mr. Carlson allegedly started to feel sick with a sore throat.[8] This sickness

purportedly progressed over the next few days and his condition continued to deteriorate.[9]

Plaintiffs allege that Mr. Carlson filled out two sick call requests and was taken to be evaluated by

the nurse at the Olla facility's clinic on January 24, 2025.[10] At that time, the clinic nurse called for

Mr. Carlson to be taken to the emergency room at LaSalle General Hospital for further treatment

---

[1] Doc. 1, pp. 2-4.
[2] *Id.* at p. 12.
[3] *Id.* at pp. 24-26.
[4] *Id.* at p. 5.
[5] *Id.*
[6] *Id.* at p. 8.
[7] *Id.* at p. 9.
[8] *Id.*
[9] *Id.* at pp. 9-10.
[10] *Id.* at p. 11.

of his condition.[11] After initial treatment at LaSalle General Hospital, Mr. Carlson was scheduled to be transferred to another hospital to receive a higher level of care.[12] During his transfer by ambulance, Mr. Carlson suffered cardiac arrest and was declared deceased shortly after midnight on January 25, 2025.[13]

## II.     Plaintiffs' claims against the LaSalle-branded Entities.

Plaintiffs allege liability of LCC, LMC, and LC under federal law, including 42 U.S.C. § 1983, and state law.[14] Plaintiffs allege LCC is a private entity that owns and operates the LaSalle Correctional Center in Olla, Louisiana—the subject facility in this suit.[15] Plaintiffs allege LMC is a private entity responsible for the operations and employees at "various LaSalle facilities," including LaSalle Correctional Center.[16] Plaintiffs allege LC is a private entity that "maintains, manages, and operates at least eighteen jails throughout the states of Louisiana, Texas, Mississippi, and Georgia," including LaSalle Correctional Center.[17] Plaintiffs refer to these three limited liability companies as "LaSalle" in their Complaint.[18]

In their complaint, Plaintiffs' list four separate causes of action. Cause of Action I is brought against the "*Monell* Defendants," which is specifically alleged against the LaSalle-branded Entities.[19] Cause of Action II is brought against the "Supervisor Defendants" and is not alleged against the LaSalle-branded Entities.[20] Cause of Action III is brought for "Fourteenth

---

[11] Doc. 1, p. 12.
[12] *Id.*
[13] *Id.*
[14] *Id.* at p. 24.
[15] *Id.* at p. 6.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at p. 23.
[20] *Id.* at p. 24.

Amendment Deliberate Indifference" and is not alleged against the LaSalle-branded Entities.[21]

Cause of Action IV is brought against all defendants for "Wrongful Death."[22]

## LAW AND ARGUMENT

Plaintiffs' Complaint lacks sufficient factual allegations to state a plausible claim against either LCC, LMC, or LC. Plaintiffs failed to plead a plausible *Monell* liability claim against the LaSalle-branded Entities, the only potential source of liability under § 1983. Furthermore, Plaintiffs' state law claims for wrongful death are conclusory and lack the requisite supporting factual allegations to sufficiently state a plausible claim against either LCC, LMC, or LC.

Additionally, pursuant to Fed. R. Civ. Proc. 10(c), LCC, LMC, and LC incorporate by reference the arguments raised in the "Rule 12(b)(6) Motion to Dismiss Plaintiff, Kim Carlson Lewis and Claims for Punitive Damages Under State Law" filed by Defendants in this matter.

## I.    Legal Standard.

Pursuant to Federal Rule of Civil Procedure 12, a defendant may move the Court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Johnson v. Harris County*, 83 F.4th 941, 945 (5th Cir. 2023) (citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The standard for the adequacy of pleadings seeking to state a claim for relief is governed by Rule 8(a), which requires that a pleading contain a short plain statement of the claim showing

---

[21] Doc. 1, p. 25.
[22] *Id.* at p. 26.

3

that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, Courts must accept all factual allegations as true, but Courts do not need to accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as facts. *See Alvarado v. CITGO Petro. Corp.*, No. 25-40455, 2026 U.S. App. LEXIS 6463, at *3 (5th Cir. Mar. 4, 2026) (internal quotations omitted). Naked assertions devoid of further factual enhancement do not survive a motion to dismiss. *Johnson*, 83 F.4th at 945 (citations omitted).

## II.    Plaintiffs failed to sufficiently plead a plausible claim under 42 U.S.C. § 1983.

The only § 1983 claim that Plaintiffs allege against LCC, LMC, or LC is contained in Cause of Action I, which is brought collectively against the three entities, which Plaintiffs label "LaSalle."[23] Plaintiffs' Cause of Action I is brought pursuant to a theory of "*Monell* Liability."[24] Plaintiffs' *Monell* liability claims against LCC, LMC, and LC are insufficiently pled to state a plausible claim for relief.

A *Monell* defendant is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it through some official action or imprimatur. *Thomas v. Gilley*, No. 3:22-06174, 2023 U.S. Dist. LEXIS 181030, at *28 (W.D. La. Sep. 20, 2023), *adopted by* 2023 U.S. Dist. LEXIS 180299 (W.D. La. Oct. 5, 2023) (quotations omitted). To establish *Monell* liability under § 1983, a plaintiff must show that (1) an official policy

---

[23] Doc. 1, p. 23.
[24] *Id.*

4

or custom (2) promulgated by the policymaker (3) was the moving force behind the violation of a constitutional right. *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Plaintiffs failed to sufficiently plead all three elements of their *Monell* claim.

Plaintiffs impermissibly group three separate defendants together and make collective allegations against that group in an attempt to establish the existence of an unconstitutional custom.[25] Not only is this type of "group pleading" insufficient to support § 1983 claims, the alleged "examples" of the purported custom are neither sufficiently similar nor sufficiently numerous to plausibly establish an unconstitutional custom for purposes of *Monell* liability. Further, Plaintiffs failed to sufficiently plead that a policymaker promulgated or ratified the alleged unconstitutional custom. Likewise, Plaintiffs failed to sufficiently plead factual allegations to establish the causation element, i.e., that the purported policy or custom was the "moving force" behind the alleged constitutional violation. Plaintiffs' conclusory allegations and threadbare recital of the *Monell* liability elements do not suffice to state a plausible claim for relief against LCC, LMC, or LC. *See Iqbal*, 556 U.S. at 678.

### A.    Plaintiffs' practice of group pleading claims against LCC, LMC, and LC is insufficient to support a plausible claim for § 1983 liability.

Plaintiffs' § 1983 claims must be sufficiently pled against each separate defendant. In Plaintiffs' Complaint, they collectively refer to LCC, LMC, and LC as "LaSalle" and make allegations of collective responsibility against the group.[26] Such allegations of collective responsibility are insufficient to support a plausible claim for *Monell* liability.

---

[25] *See* Doc. 1, p. 6.
[26] *Id.*

In § 1983 actions, a plaintiff must specifically plead how each defendant, through that defendant's own actions, violated the constitution. *Armstrong v. Ashley*, 60 F.4th 262, 274-75 (5th Cir. 2023) (quotations omitted). Courts may "disregard bare assertions of collective responsibility, unsupported by concrete factual allegations." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021). A plaintiff's allegations against "a group without factual material suggesting that any particular defendant [violated the constitution]" are "independently insufficient" and should be dismissed accordingly. *See Armstrong*, 60 F.4th at 274-75.

Plaintiffs only allege that LCC owns and operates the Olla facility; that LMC is responsible for operations and employees at various facilities, including the Olla facility; and that LC maintains, manages, and operates at least eighteen facilities, including the Olla facility.[27] Plaintiffs do not make any other specific allegations against either LCC, LMC, or LC. The remainder of Plaintiffs' allegations against the three entities are collective allegations made against the group that Plaintiffs label "LaSalle." Plaintiffs' *Monell* liability claims are "based on a theory of collective responsibility [and] cannot withstand a motion to dismiss." *Martinez*, 846 F. App'x at 243.

**B.      Plaintiffs failed to plead sufficient facts to support their allegation that an unconstitutional policy or custom existed at LaSalle Correctional Center.**

To successfully plead a claim for *Monell* liability, Plaintiffs were required to plead factual allegations that, if proven true, would establish the existence of an unconstitutional policy or custom. "The Supreme Court has held that 'recovery from a municipality is limited to acts that are, properly speaking, acts of the municipality—that is, acts which the municipality has *officially sanctioned or ordered.*'" *Edwards v. City of Balch Springs, Texas*, 70 F.4th 302, 308 (5th Cir. 2023) (emphasis in original) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)).

---

[27] Doc. 1, p. 6.

Moreover, "each and any policy which allegedly caused constitutional violations must be specifically identified." *Piotrowski v. City of Houston.*, 237 F.3d 567, 579 (5th Cir. 2001). In their Complaint, Plaintiffs allege the existence of one official policy as well as an alleged unconstitutional custom. However, Plaintiffs do not allege that the identified "official policy" is itself unconstitutional, and Plaintiffs do not support their allegation of an unconstitutional custom with sufficient factual support to state a plausible claim.

In § 1983 actions alleging *Monell* liability, a plaintiff can establish a policy by showing one of the following:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Armstrong*, 60 F.4th at 276 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc).

### 1.     Plaintiffs do not allege the existence of an unconstitutional policy.

The only "official policy" identified by Plaintiffs in their Complaint is an alleged "sick call policy," which Plaintiffs assert has the following provisions: (1) "detainees could submit sick call requests Monday through Friday, but each sick call service or physician's visit cost $5" and (2) "[i]f an inmate required further evaluation or care, they had to wait until either Wednesday or

Thursday, the two days a medical provider was onsite."[28] Plaintiffs did not allege in their Complaint that this purported "sick call policy" was itself unconstitutional. Instead, Plaintiffs pled that "LaSalle" maintained a "de facto policy" of providing unconstitutionally inadequate medical care.[29] Even if Plaintiffs had alleged the "sick call policy" was unconstitutional (which they did not), Plaintiffs have not sufficiently pled that it was the "moving force" behind the alleged constitutional violation as Mr. Carlson was, according to Plaintiffs' Complaint, seen by a medical provider on a Friday—outside of the two days Plaintiffs allege a provider was onsite. [30] Accordingly, the viability of Plaintiffs' *Monell* liability claim hinges on whether Plaintiffs sufficiently pled the existence of an unconstitutional custom, which they did not.

> 2.      Plaintiffs' allegations of incidents at other facilities do not support a claim of an unconstitutional custom at the Olla facility.

To support their claim of an unconstitutional custom at the Olla facility, Plaintiffs list twelve (12) examples of previous allegations of wrongdoing against various entities that Plaintiffs defined as "LaSalle."[31] Plaintiffs do not claim that any of their twelve "examples" of alleged constitutional violations actually occurred at LaSalle Correctional Center in Olla, Louisiana—the facility at issue in this matter. Plaintiffs only allege the location of the subject facility for five of their twelve "examples," and only one of those facilities is alleged to be located in Louisiana.[32] Allegations of wrongdoing at other facilities are insufficient to support a claim for *Monell* liability. *See Martinez v. Nueces Cty.*, 71 F.4th 385, 391 (5th Cir. 2023) (dismissing a plaintiff's claims under § 1983 against a nationwide company, in part, because plaintiff "[did] not allege a single instance of medical negligence (aside from his own) that occurred [at the facility]").

---

[28] Doc. 1, p. 9.
[29] Doc. 1, pp. 14-15.
[30] *Id.* at p. 11.
[31] *See id.* at pp. 15-20.
[32] *Id.*

8

3.    Plaintiffs' alleged custom examples are not sufficiently similar.

Even if Plaintiffs' "examples" were somehow attributed to an alleged pattern of widespread conduct at the Olla facility, those "examples" are not sufficiently similar to plausibly show the type of widespread pattern of unconstitutional conduct required to establish *Monell* liability. "A pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (internal quotations omitted). In nine of their twelve "examples," the unconstitutional conduct that Plaintiffs allege involve accusations that jail officials at other facilities either failed to provide inmates with their prescribed medications; completely denied medical treatment to inmates; or performed "unnecessary hysterectomies" on inmates.[33] These allegations are not sufficiently similar to Plaintiffs' allegations regarding Mr. Carlson, i.e., that Mr. Carlson filled out two sick call requests prior to being seen by the facility nurse who immediately transferred him to the hospital.

The three remaining "examples" are not described with sufficient detail to determine their similarity with Plaintiffs' allegations regarding Mr. Carlson's treatment. *See e.g., Verastique v. City of Dallas*, 106 F.4th 427, 433 (5th Cir. 2024) (holding alleged incident of excessive force during arrest of intoxicated individual did not support finding of widespread pattern under *Monell* because plaintiffs did not allege that they too were intoxicated at time of arrest). Plaintiffs' "examples" of other alleged incidents involved different officials and circumstances and took place in different locations from the subject incident, and therefore, fail to sufficiently support Plaintiffs' allegations of an unconstitutional custom at the Olla facility. *See Damond v. City of Rayville*, 127 F.4th 935, 939 (5th Cir. 2025). Plaintiffs' vague and conclusory allegations regarding other

---

[33] Doc. 1, pp. 15-20.

9

purported incidents do not raise a right to relief above the speculative level. *Verastique*, 106 F.4th at 432.

### 4. Plaintiffs' alleged custom examples are not sufficiently numerous.

Plaintiffs' "examples" also are not sufficiently numerous. Adequately pleading a pattern of unconstitutional conduct also requires alleging sufficiently numerous prior incidents, as opposed to only listing isolated instances. *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009). Plaintiffs only allege the exact year that seven of their twelve "examples" occurred, which are alleged to have occurred during the period between 2013 and 2019.[34] An allegation of about one incident per year is insufficient to establish a pattern capable of constituting a policy. *See e.g., Saenz v. City of El Paso*, 637 F. App'x 828, 832 (5th Cir. 2016) (holding that an allegation of twenty-one previous incidents over nineteen years, without further context, is insufficient to represent a custom); *Damond v. City of Rayville*, 127 F.4th 935, 939 (5th Cir. 2025) (holding that allegation of six alleged incidents over several months is insufficient to allege a custom or policy of tolerating widespread, repeated constitutional violations); *Verastique*, 106 F.4th at 433-34 (holding that allegation of nineteen incidents over twenty-three years is not sufficiently numerous to find a department-wide pattern).

Allegations of an unconstitutional custom that are made "in a conclusory fashion without meaningful factual content" are insufficient to survive a motion to dismiss. *Armstrong*, 60 F.4th at 276. Because Plaintiffs failed to adequately plead the occurrence of sufficiently similar and sufficiently numerous examples of alleged prior constitutional violations, Plaintiffs have not established the plausible existence of an unconstitutional custom necessary to state a claim for *Monell* liability.

---

[34] Doc. 1, pp. 16-20.

**C.      Plaintiffs failed to plead sufficient facts to support their allegation that an alleged policy or custom was ratified or promulgated by a policymaker.**

As an element of their *Monell* claim, Plaintiffs are required "to plead facts—facts which establish that the challenged policy was promulgated or ratified by [a] policymaker." *See Groden v. City of Dallas, Tex.*, 826 F.3d 280, 285 (5th Cir. 2016). Plaintiffs identify multiple potential "policymakers," but they do not allege any facts that would show any of those "policymakers" promulgated or ratified an unconstitutional custom. Accordingly, Plaintiffs failed to sufficiently plead this element of their *Monell* claim. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 622–23 (5th Cir. 2018) ("complaint invite[d] no more than speculation that any particular policymaker … knew about the alleged custom").

Plaintiffs allege that William and Clay McConnell exercise ultimate control and policymaking authority over "LaSalle's policies and practices."[35] Plaintiffs also contend that John Stuckey and Pamela Hearn tacitly approved the policies and practices in effect at the Olla facility.[36] Further, Plaintiffs allege that "[p]olicymakers for the *Monell* Defendants" knew of an unconstitutional custom of providing inadequate medical care to detainees at "LaSalle facilities" and were deliberately indifferent to said custom.[37] However, simply naming the entity and person in charge of the entity is insufficient. *Martinez*, 846 Fed. App'x at 247; *see also Peña*, 879 F.3d at 623 n.15 (noting "utter failure to allege facts connecting this floating custom to any particular policymaker").

Plaintiffs failed to support their *Monell* liability claims with sufficient factual allegations that would plausibly show any of the alleged policymakers were aware of, let alone ratified or promulgated, an unconstitutional policy or custom. Additionally, Plaintiffs failed to plead factual

---

[35] Doc. 1, p. 7.
[36] *Id.* at p. 15.
[37] *Id.* at p. 23.

11

allegations that would plausibly show the alleged unconstitutional custom was maintained by policymakers with deliberate indifference. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (holding that municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made by a policymaker). "[C]onclusory allegations of an unspecified policy and deliberate indifference fall short of the requisite standard to state a claim for relief." *Thomas v. Gilley*, No. 3:22-06174, 2023 U.S. Dist. LEXIS 181030, at \*34 (W.D. La. Sep. 20, 2023).

> **D.    Plaintiffs failed to plead sufficient facts to support their allegation that an alleged policy or custom was the "moving force" behind any constitutional violation.**

Plaintiffs also failed to plead sufficient factual allegations in support of the "moving force" element of their *Monell* claim. Liability under § 1983 requires "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (causal "connection must be more than a mere 'but for' coupling").

Again, Plaintiffs failed to sufficiently plead facts to plausibly establish the existence of an unconstitutional policy or custom. Thus, Plaintiffs cannot plausibly show that any alleged policy or custom was the moving force of an alleged constitutional deprivation. Moreover, Plaintiffs have not sufficiently pled an underlying constitutional violation, as the allegations against the individual defendants, taken as true, do not plausibly establish that any specific defendant violated Mr. Carlson's constitutional rights.[38] The Fifth Circuit has "stated time and again that without an underlying constitutional violation, an essential element of municipal liability is missing." *Munajj v. City of Fredericksburg*, No. 25-50535, 2026 U.S. App. LEXIS 9483, at \*8 (5th Cir. Apr. 1,

---

[38] *See* Motion to Dismiss and Memorandum in Support on behalf of Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey, filed contemporaneously with the instant motion.

12

2026) (internal quotations omitted). "Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Martinez*, 71 F.4th at 390 n.6 (emphasis in original) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 415 (1997)).

### E.      Plaintiffs failed to sufficiently plead a claim for failure to train.

Plaintiffs allege that the guards and healthcare staff at the Olla facility were untrained and undertrained.[39] However, Plaintiffs do not provide any factual allegations to support that claim. "Even within the difficult world of *Monell* liability, failure-to-train claims are especially difficult to establish." *Anderson v. Marshall Cty.*, 637 F. App'x 127, 134 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). To successfully prove a failure to train claim against LCC, LMC, and LC, Plaintiffs need to show that (1) LCC, LMC, and LC failed to train an official; (2) that this training failure directly caused the alleged violation of Mr. Carlson's constitutional rights; and (3) that LCC, LMC, and LC were deliberately indifferent in adopting inadequate training policies. *Id.* "Showing deliberate indifference requires a plaintiff to demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Munajj*, 2026 U.S. App. LEXIS 9483, at *9. Plaintiffs have not sufficiently pled any of the required elements of a failure to train claim.

Plaintiffs have not alleged any specific jail official was untrained or undertrained. Plaintiffs have also not alleged that any failure to train was the direct cause of any alleged violation of Mr. Carlson's constitutional rights. Plaintiffs have not alleged that any inadequate training policy was maintained by LCC, LMC, or LC with deliberate indifference. To the extent Plaintiffs seek to bring a claim under § 1983 for failure to train, that claim should be dismissed as insufficiently pled.

---

[39] Doc. 1, p. 14.

**F.      LCC, LMC, and LC cannot be held vicariously liable under § 1983.**

Plaintiffs' § 1983 claims against LCC, LMC, and LC are all based on the alleged acts of employees. However, there is no vicarious liability under § 1983. *Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Plaintiffs' § 1983 claims against LCC, LMC, and LC should be dismissed because they seek to hold those entities vicariously liable for alleged actions of employees.

Ultimately, Plaintiffs merely conclude that LCC, LMC, and LC are liable under § 1983 without properly pleading facts in support of that allegation. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Damond*, 127 F.4th at 938 (internal quotations omitted).

**III.    <u>Plaintiffs failed to state a plausible claim under state law.</u>**

Plaintiffs' conclusory allegation that Mr. Carlson "died by the fault of the defendants"[40] is insufficient to support a state law claim against the LaSalle-branded Entities. "[G]eneral allegations against all defendants for their negligence are too conclusory to make out a clear claim against any one defendant." *Smith v. Prator*, 21-0620, 2022 U.S. Dist. LEXIS 179384, at *13 (W.D. La. Sep. 30, 2022). In § 1983 cases where a claim for inadequate medical care is alleged under both federal and state law, Louisiana federal district courts apply Louisiana Civil Code article 2315 and the duty-risk analysis in determining whether to impose tort liability on defendants. *See e.g., Fletcher*, 2022 U.S. Dist. LEXIS 151493, at *31. Under that analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a

---

[40] Doc. 1, p. 26.

cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). *Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1992).

Plaintiffs' sparse allegations against LCC, LMC, and LC are insufficient to raise their right to relief under state law above a mere speculative level. "Like the Section 1983 claims, the negligence claims require pleading with particularity as to the negligent acts of each specific defendant." *Smith*, 2022 U.S. Dist. LEXIS 179384, at *13. Plaintiffs' allegations made collectively against "LaSalle" are insufficient to support a state law negligence claim against LCC, LMC, or LC. Moreover, Plaintiffs do not sufficiently plead the negligence of any specific individual for which either LCC, LMC, or LC could be held liable. Plaintiffs needed to plead facts establishing the existence of a "duty," a "breach" of that duty, and that the alleged breach was the "cause-in-fact" and "legal cause" of the damages claimed by Plaintiffs, but they did not. Naked assertions devoid of further factual enhancement do not survive a motion to dismiss. *Johnson*, 83 F.4th at 945. As a result, Plaintiffs' state law claims against LCC, LMC, and LC should be dismissed as insufficiently pled.

## CONCLUSION

For the reasons set forth above, Defendants, LaSalle Correctional Center, L.L.C., LaSalle Management Company, L.L.C., and LaSalle Corrections, LLC respectfully move the Court to enter an order dismissing all claims by Plaintiffs, Kim Carlson Lewis, as Personal Representative of Erik Carlson, deceased, and on her own behalf, and Lindsey Gratehouse, on behalf of her minor child M.G., with prejudice.

[*signature on next page*]

15

Respectfully submitted,

*/s/ Ryan G. Lavelle*
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR LASALLE*
*CORRECTIONAL CENTER, L.L.C.,*
*LASALLE MANAGEMENT COMPANY,*
*L.L.C., AND LASALLE CORRECTIONS, LLC*

## CERTIFICATE OF SERVICE

I certify that on April 16, 2026, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Ryan G. Lavelle*
RYAN G. LAVELLE

16