UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| KIM CARLSON LEWIS, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:26-cv-00172 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.,* | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ************************************ | * | **JURY TRIAL REQUESTED** |

### <u>MEMORANDUM IN SUPPORT OF</u> <u>RULE 12(b)(6) MOTION TO DISMISS</u> <u>PAUL SMITH, GWEN WARREN, CHARLETTE FUSSELL, AND TARA LINDSEY</u>

MAY IT PLEASE THE COURT:

Plaintiffs, Kim Carlson Lewis, as Personal Representative of Erik Carlson, deceased, and on her own behalf, and Lindsey Gratehouse, on behalf of her minor child M.G. ("Plaintiffs"), have filed suit against Defendants, Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey ("Defendants"). Pursuant to Fed. R. Civ. P. 12(b)(6), and for the reasons set forth below, Defendants respectfully request the Court enter an order dismissing all Plaintiffs' claims brought against them, with prejudice.

## TABLE OF CONTENTS

**Page**

Background ............................................................................................................ 1

    I.    Factual background. ................................................................................ 1

    II.    Plaintiffs' claims against Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey. .............................................................................................. 2

Law and Argument ............................................................................................... 3

    I.    Legal Standard. ....................................................................................... 3

    II.    Plaintiffs failed to sufficiently plead a plausible claim under 42 U.S.C. § 1983.......................................................................................................... 4

        A.    Plaintiffs' official capacity claims should be dismissed as duplicative................................................................................... 4

        B.    Plaintiffs failed to plead a plausible § 1983 claim against Defendants in their individual capacity. .................................... 5

    III.    Plaintiffs failed to plead a plausible claim under state law................................. 15

Conclusion .......................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarado v. CITGO Petro. Corp.*,
   No. 25-40455, 2026 U.S. App. LEXIS 6463 (5th Cir. Mar. 4, 2026) .......................................4

*Armstrong v. Ashley*,
   60 F.4th 262 (5th Cir. 2023) ......................................................................................8, 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................3, 4, 15

*Belknap v. Spinks*,
   No. 23-50465, 2025 U.S. App. LEXIS 28226 (5th Cir. Oct. 28, 2025) .................................14

*Carmona v. City of Brownsville*,
   No. 1:23-CV-084, 2024 U.S. Dist. LEXIS 21181 (S.D. Tex. Feb. 6, 2024) .....................14, 15

*Chatman v. Correcthealth St. Tammany, L.L.C.*,
   No. 24-1944, 2024 U.S. Dist. LEXIS 225177 (E.D. La. Nov. 14, 2024) ...............................12

*Cleveland v. Bell*,
   938 F.3d 672 (5th Cir. 2019) .................................................................................................6

*Coones v. Cogburn*,
   No. 24-10777, 2025 U.S. App. LEXIS 18587 (5th Cir. July 25, 2025) .................................10

*Damond v. City of Rayville*,
   127 F. 4th 935 (5th Cir. 2025) ..............................................................................................15

*Domino v. Tex. Dep't of Criminal Justice*,
   239 F.3d 752 (5th Cir. 2001) ......................................................................................5, 7, 14

*Easter v. Powell*,
   467 F.3d 459 (5th Cir. 2006) ................................................................................................13

*Farmer v. Brennan*,
   511 U.S. 825 (1994)................................................................................................................6

*Gobert v. Caldwell*,
   463 F.3d 339 (5th Cir. 2006) ..................................................................................................7

*Hare v. City of Corinth*,
   74 F.3d 633 (5th Cir. 1996) ....................................................................................................6

*James v. Smith*,
  152 F.4th 594 (5th Cir. 2025) ...................................................................6, 10, 11, 14

*Johnson v. Harris County*,
  83 F.4th 941 (5th Cir. 2023) ...................................................................3, 4, 16

*Kentucky v. Graham*,
  473 U.S. 159 (1985)...................................................................................5

*Martinez v. City of N. Richland Hills*,
  846 F. App'x 238 (5th Cir. 2021) ...................................................................8, 13

*Monell v. Dep't of Soc. Servs.*,
  436 U.S. 658 (1978)...................................................................................2, 4, 5

*Roberts v. Benoit*,
  605 So. 2d 1032 (La. 1992) ...................................................................16

*Roe v. Johnson Cnty., Tex.*,
  3:18-2497, 2019 WL 5031357 (N.D. Tex. July 29, 2019)...........................................5

*Rombach v. Culpepper*,
  No. 20-30554, 2021 U.S. App. LEXIS 20713 (5th Cir. July 13, 2021) ...........................10, 12

*Ruiz v. Brennan*,
  851 F.3d 464 (5th Cir. 2017) ...................................................................4

*Smith v. Prator*,
  No. 21-0620, 2022 U.S. Dist. LEXIS 179384 (W.D. La. Sep. 30, 2022)........................ *passim*

**Statutes**

42 U.S.C. § 1983................................................................................ *passim*

Louisiana Civil Code article 2315 ...................................................................15

**Other Authorities**

Fed. R. Civ. Proc. 8...................................................................................3

Fed. R. Civ. Proc. 10..................................................................................3

Fed. R. Civ. Proc. 12.................................................................................3, 14

**BACKGROUND**

**I.     Factual background.**

This is a civil rights lawsuit arising from the death of pretrial detainee Erik Carlson.[1] According to Plaintiffs' Complaint, Erik Carlson died from complications related to a peritonsillar abscess due to a strep throat infection.[2] Plaintiffs have brought suit against Defendants alleging entitlement to damages, punitive damages, and attorney fees, costs, and interest for alleged violations of federal law, including 42 U.S.C. § 1983, and state law.[3]

Plaintiffs are:

(1)    Kim Carlson Lewis, the mother of Erik Carlson,[4] who brings this lawsuit as Personal Representative of Erik Carlson, and on her own behalf; and

(2)    Lindsey Gratehouse, the mother of Erik Carlson's minor child M.G.,[5] who brings this lawsuit on behalf of M.G.

Plaintiffs allege Erik Carlson was arrested on January 5, 2025, in Houston, Texas.[6] He was transferred to LaSalle Correctional Center in Olla, Louisiana on Friday, January 17, 2025.[7] At an unspecified time, Mr. Carlson allegedly started to feel sick with a sore throat.[8] This sickness purportedly progressed over the next few days and his condition continued to deteriorate.[9] Plaintiffs allege that Mr. Carlson filled out two sick call requests and was taken to be evaluated by the nurse at the Olla facility's clinic on January 24, 2025.[10] At that time, the clinic nurse called for Mr. Carlson to be taken to the emergency room at LaSalle General Hospital for further treatment

---

[1] Doc. 1, pp. 2-4.
[2] *Id.* at p. 12.
[3] *Id.* at pp. 24-26.
[4] *Id.* at p. 5.
[5] *Id.*
[6] *Id.* at p. 8.
[7] *Id.* at p. 9.
[8] *Id.*
[9] *Id.* at pp. 9-10.
[10] *Id.* at p. 11.

of his condition.[11] After initial treatment at LaSalle General Hospital, Mr. Carlson was scheduled to be transferred to another hospital to receive a higher level of care.[12] During his transfer by ambulance, Mr. Carlson suffered cardiac arrest and was declared deceased shortly after midnight on January 25, 2025.[13]

## II.     Plaintiffs' claims against Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey.

Plaintiffs allege liability of Defendants under federal law, including 42 U.S.C. § 1983, and state law.[14] Plaintiffs allege that Paul Smith was the Assistant Warden; Charlette Fussell was the Health Service Director; and Gwen Warren and Tara Lindsey were Licensed Professional Nurses at LaSalle Correctional Center in Olla, Louisiana.[15]

In their complaint, Plaintiffs list four separate causes of action. Cause of Action I is brought against the "*Monell* Defendants," which includes all individual defendants in their official capacities.[16] Cause of Action II is brought against the "Supervisor Defendants" and is not alleged against Paul Smith, Gwen Warren, Charlette Fussell, or Tara Lindsey.[17] Cause of Action III is brought for "Fourteenth Amendment Deliberate Indifference" and is the only "individual capacity" claim brought against Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey.[18] Cause of Action IV is brought against all defendants for "Wrongful Death."[19]

---

[11] Doc. 1, p. 12.
[12] *Id.*
[13] *Id.*
[14] *Id.* at p. 26.
[15] *Id.* at p. 7.
[16] *Id.* at p. 23.
[17] *Id.* at p. 24.
[18] *Id.* at p. 25.
[19] *Id.* at p. 26.

## LAW AND ARGUMENT

Plaintiffs' Complaint lacks sufficient factual allegations to state a plausible claim against Paul Smith, Gwen Warren, Charlette Fussell, or Tara Lindsey. Plaintiffs' § 1983 official capacity claims against Defendants should be dismissed as duplicative. Plaintiffs' § 1983 individual capacity claims are conclusory and fail to show how any of the Defendants acted with deliberate indifference to a substantial risk of serious harm to Mr. Carlson. Plaintiffs' claims under state law similarly lack the requisite supporting factual allegations to sufficiently state a plausible claim against Defendants.

Additionally, pursuant to Fed. R. Civ. Proc. 10(c), Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey incorporate by reference the arguments raised in the "Rule 12(b)(6) Motion to Dismiss Plaintiff, Kim Carlson Lewis and Claims for Punitive Damages Under State Law" filed by Defendants in this matter.

## I.    Legal Standard.

Pursuant to Federal Rule of Civil Procedure 12, a defendant may move the Court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Johnson v. Harris County*, 83 F.4th 941, 945 (5th Cir. 2023) (citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The standard for the adequacy of pleadings seeking to state a claim for relief is governed by Rule 8(a), which requires that a pleading contain a short plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to

3

dismiss, the complaint "must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, Courts must accept all factual allegations as true, but Courts do not need to accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as facts. *See Alvarado v. CITGO Petro. Corp.*, No. 25-40455, 2026 U.S. App. LEXIS 6463, at *3 (5th Cir. Mar. 4, 2026) (internal quotations omitted). Naked assertions devoid of further factual enhancement do not survive a motion to dismiss. *Johnson*, 83 F.4th 941, 945 (citations omitted).

II.     **Plaintiffs failed to sufficiently plead a plausible claim under 42 U.S.C. § 1983.**

A.     **Plaintiffs' official capacity claims should be dismissed as duplicative.**

In the caption of Plaintiffs' Complaint, Plaintiffs list Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey as defendants being sued in both their individual and official capacities.[20] However, when listing the individual defendants in the body of their Complaint, Plaintiffs only allege that Paul Smith and Charlette Fussell are being sued in their official capacities, not Tara Lindsey or Gwen Warren.[21] Any official capacity claims brought against any of the Defendants should be dismissed as duplicative.

Plaintiffs have brought official capacity claims against Defendants as alleged officials of LaSalle Correctional Center, L.L.C.[22] The only official capacity claims in Plaintiffs' complaint are set forth in Cause of Action I, which alleges *Monell* liability against the LaSalle-branded Entities—

---

[20] Doc. 1, p. 1.
[21] *Id.* at p. 7.
[22] *Id.*

LaSalle Correctional Center, L.L.C., LaSalle Management Company, L.L.C., and LaSalle Corrections, LLC—and the "individual defendants in their official capacity."[23] Because Plaintiffs have sued the LaSalle-branded Entities and Defendants in their official capacities, the official capacity claims against Defendants should be dismissed as duplicative.

It is well settled in § 1983 jurisprudence that an official capacity claim serves only as a way of pleading against the entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. When a plaintiff brings a *Monell* liability claim against an entity and an official capacity claim against that entity's official, the two claims "essentially merge," and the official capacity claim may be dismissed as duplicative. *Roe v. Johnson Cnty., Tex.*, 3:18-2497, 2019 WL 5031357 at *15 (N.D. Tex. July 29, 2019) (citations omitted). Accordingly, Plaintiffs' official capacity claims against Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey should be dismissed with prejudice.

**B.    Plaintiffs failed to plead a plausible § 1983 claim against Defendants in their individual capacity.**

The only individual capacity claims brought against Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey are alleged in Cause of Action III.[24] Cause of Action III alleges that Defendants are liable in their individual capacity under a theory of "Fourteenth Amendment Deliberate Indifference."[25] "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Apart from two conclusory paragraphs that are only alleged "[u]pon information and belief," Plaintiffs' Complaint

---

[23] Doc. 1, p. 23.
[24] *Id.* at pp. 25-26
[25] *Id.*

is utterly devoid of any factual allegations connecting Gwen Warren, Charlette Fussell, and Tara Lindsey to the events alleged to have occurred leading up to Mr. Carlson's death.[26] Moreover, Paul Smith is not alleged to have been involved in those events in any manner, not even "upon information and belief."[27] Without any factual support for their claims against Defendants for deliberate indifference, Plaintiffs' Complaint cannot withstand a motion to dismiss.

      1.     <u>Deliberate indifference is an extremely high standard to meet.</u>

In cases such as the instant matter—where plaintiffs allege a jail official's liability to pretrial detainees for episodic acts or omissions—liability for constitutional violations is "measured by a standard of subjective deliberate indifference as enunciated by the Supreme Court in *Farmer*." *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Accordingly, to establish a constitutional violation for deliberate indifference, Plaintiffs must show that the defendant: (1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) (quotations omitted).

In the context of a claim for delay in medical treatment, a plaintiff must show deliberate indifference to serious medical needs that resulted in substantial harm. *James v. Smith*, 152 F.4th 594, 606 (5th Cir. 2025). A plaintiff can show the deliberate indifference of a prison official by showing that the official refused to treat an inmate, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that "would clearly evince a wanton disregard for any serious medical needs." *Id.* at 606-07 (quotations omitted). Plaintiffs failed to sufficiently plead allegations that would plausibly satisfy this extremely high standard.

---

[26] Doc. 1, pp. 8-12.
[27] *See id.*

Claims for deliberate indifference undergo a two-part analysis. First, the plaintiff must show the applicable "*mens rea*" of deliberate indifference, which "demands subjective knowledge of a substantial health risk." *Gobert v. Caldwell*, 463 F.3d 339, 348 (5th Cir. 2006). After showing that subjective knowledge, the plaintiff must then show that the defendant disregarded the substantial health risk about which he knew. *Id.* at 349. A serious medical need is one for which treatment has been recommended or "for which the need is so apparent that even laymen would recognize that care is required." *Id.* at 345 n.12.

"[D]eliberate indifference exists wholly independent of an optimal standard of care." *Id.* at 349. Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. *Id.* at 346. An incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Domino*, 239 F.3d at 756. The decision of whether to provide additional treatment "is a classic example of a matter for medical judgment" that does not support a claim for deliberate indifference. *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Furthermore, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)). "[T]he standard is based on actual knowledge, not what the [defendant] allegedly 'should have known.'" *Smith v. Prator*, No. 21-0620, 2022 U.S. Dist. LEXIS 179384, at *10 (W.D. La. Sep. 30, 2022) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996)). "The defendant must have subjectively intended the harm to occur." *Id.* (citing *Thompson v. Upshur Cnty., TX*, 245 F.3d 447, 460 (5th Cir. 2001)).

The issue before the Court is whether Plaintiffs pled sufficient factual allegations to plausibly support a claim that either Paul Smith, Gwen Warren, Charlette Fussell, or Tara Lindsey "purposefully neglected [Mr. Carlson's] medical needs." *See Gobert*, 463 F.3d at 349 (5th Cir.

7

2006). Plaintiffs failed to plead any factual allegations that would support a plausible deliberate indifference claim against any of the Defendants. Plaintiffs did not plead any facts that would support their allegations that Defendants either (1) knew of a substantial risk of serious harm to Mr. Carlson or (2) engaged in conduct that would clearly evince a wanton disregard for that risk.

### 2. Plaintiffs cannot support a § 1983 deliberate indifference claim by making collective allegations against a group of defendants.

Plaintiffs allege that Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey are liable for their deliberate indifference to a substantial risk of harm to Mr. Carlson.[28] Plaintiffs allege the collective deliberate indifference of Defendants caused Mr. Carlson's suffering and death.[29] Further, Plaintiffs allege that the indifference of the Defendants "was undertaken in wanton disregard of Mr. Carlson's rights."[30] Plaintiffs' conclusory allegations that are made collectively against a group of defendants are insufficient to support a claim against any specific individual defendant.

Group pleading claims may be dismissed as insufficiently pled because § 1983 actions require individual allegations against each separate defendant to establish liability. *See Armstrong v. Ashley*, 60 F.4th 262, 274–75 (5th Cir. 2023). A "theory of collective responsibility" cannot withstand a motion to dismiss. *Martinez v. City of N. Richland Hills,* 846 F. App'x 238, 243 (5th Cir. 2021) (citation omitted). Plaintiffs needed to allege specific allegations against each defendant showing how each individual defendant acted with deliberate indifference. *See Smith v. Prator*, 21-0620, 2022 U.S. Dist. LEXIS 179384, at *12 (W.D. La. Sep. 30, 2022). A claim that is only supported by collective allegations against a group of individuals should be dismissed. *See id.*

---

[28] Doc. 1, p. 25.
[29] *Id.*
[30] *Id.*

8

3.    Plaintiffs failed to plead the deliberate indifference of Paul Smith.

Plaintiffs' sole factual allegation against Paul Smith is that he is the Assistant Warden of LaSalle Correctional Center.[31] Plaintiffs do not allege any involvement by Mr. Smith in the events leading up to Mr. Carlson's death. Plaintiffs do not contend that Mr. Smith was aware of facts from which an inference could be drawn that a substantial risk of serious harm to Mr. Carlson existed. Plaintiffs do not allege that Mr. Smith subjectively drew an inference that the substantial risk existed. Plaintiffs also do not contend that Mr. Smith disregarded any alleged risk to Mr. Carlson of which he was subjectively aware. Simply put, Plaintiffs do not make any attempt to set forth the foundation of a deliberate indifference claim against Paul Smith. As a result, Plaintiffs' individual capacity claim against Paul Smith should be dismissed with prejudice.

4.    Plaintiffs failed to plead the deliberate indifference of Gwen Warren and Tara Lindsey.

Plaintiffs allege that Gwen Warren and Tara Lindsey are Licensed Professional Nurses who are "responsible for the medical care of detainees and/or inmates" at LaSalle Correctional Center.[32] The only other "factual" allegations that Plaintiffs make to support their deliberate indifference claims against Gwen Warren and Tara Lindsey are contained in ¶¶ 51-52 of Plaintiffs' Complaint.[33] Those allegations are made "[u]pon information and belief" against a group of three (3) named defendants—Gwen Warren, Tara Lindsey, and Charlette Fussell—and ten (10) John Doe defendants.[34] Plaintiffs conclude that this group of thirteen (13) individuals "reviewed Mr. Carlson's sick call and/or received the complaints from Mr. Carlson's cellmates" and "were aware

---

[31] Doc. 1, p. 7.
[32] *Id.* at p. 7.
[33] *Id.* at p. 11.
[34] *Id.*

9

Mr. Carlson was very ill and needed to receive medical care beyond the capabilities of LaSalle Corrections Center, but did not take any steps to facilitate his transfer to a hospital."[35] These conclusory allegations against a group of defendants are insufficient to support a plausible claim for deliberate indifference.

"An officer-by-officer analysis is necessary when determining whether any officer acted with deliberate indifference to a prisoner's serious medical needs." *Rombach v. Culpepper*, No. 20-30554, 2021 U.S. App. LEXIS 20713, at *10 n.7 (5th Cir. July 13, 2021). "Conclusory and collective" accusations do not plausibly state a claim for deliberate indifference. *Coones v. Cogburn*, No. 24-10777, 2025 U.S. App. LEXIS 18587, at *17 (5th Cir. July 25, 2025). Plaintiffs needed to allege specific facts regarding specific interactions between Mr. Carlson and the individual Defendants. *See id.* Plaintiffs do not set forth any facts showing how either Gwen Warren or Tara Lindsey were individually aware of facts from which they could draw an inference that there was a substantial risk of harm to Mr. Carlson. Plaintiffs do not plead any facts showing that Gwen Warren or Tara Lindsey individually drew that inference. Plaintiffs do not plead any facts showing that either Gwen Warren or Tara Lindsey disregarded a substantial risk of serious harm. Claims for deliberate indifference require more specificity in the pleadings. *Smith*, 2022 U.S. Dist. LEXIS 179384, at 12. Plaintiffs' conclusory claims are devoid of factual supporting allegations against either Ms. Warren or Ms. Lindsey, and thus, do not "clearly evince a wanton disregard for any serious medical needs." *See James*, 152 F.4th at 606-07. Consequently, Plaintiffs' individual capacity claims against Gwen Warren and Tara Lindsey should be dismissed with prejudice.

---

[35] Doc. 1, p. 11.

10

5.       Plaintiffs failed to plead the deliberate indifference of Charlette Fussell.

Like the allegations against Gwen Warren and Tara Lindsey, Plaintiffs' allegations against Charlette Fussell are likewise conclusory, collective, and devoid of factual enhancement. Plaintiffs allege that Charlette Fussell is the "Health Service Director" at LaSalle Correctional Center.[36] Similar to Gwen Warren and Tara Lindsey, Plaintiffs include Charlette Fussel in the group of thirteen (13) individuals who Plaintiffs allege, "[u]pon information and belief," were aware Mr. Carlson was ill but did not take any steps to facilitate his transfer to the hospital.[37] Apart from those sparse, conclusory allegations, Plaintiffs' remaining allegations against Charlette Fussell only state: (1) that she had prior notice of "widespread policies and practices" of denying adequate medical care at "jails operated by LaSalle" and (2) that she acted with deliberate indifference in doing "nothing to ensure that detainees and prisoners in LaSalle jails received adequate medical care."[38]

Plaintiffs' conclusory allegations are insufficient to support a claim for deliberate indifference.[39] Plaintiffs do not plead any factual allegations to show Ms. Fussell was aware of facts from which she could draw an inference that there was substantial risk of harm to Mr. Carlson. Additionally, Plaintiffs do not plead any facts to show that Ms. Fussell drew that inference. Plaintiffs do not plead any facts to show that Ms. Fussell disregarded a substantial risk of serious harm. Plaintiffs' conclusory allegations lack factual support and do not "clearly evince a wanton disregard for any serious medical needs." *See James*, 152 F.4th at 606-07. Accordingly, Plaintiffs' individual capacity claims against Charlette Fussell should be dismissed with prejudice.

---

[36] Doc. 1, p. 7.
[37] *Id.* at p. 11.
[38] *Id.* at p. 13.
[39] Even if Plaintiffs were asserting a claim against Ms. Fussell as an alleged supervisor, which they are not, these conclusory allegations are likewise insufficient to support a claim for supervisor liability.

11

6.     <u>Plaintiffs' allegations against unidentified individuals do not support a §<br>1983 deliberate indifference claim against Defendants.</u>

Plaintiffs' Complaint contains a section titled "Facts Common to All Counts."[40] Within

that section, ¶¶ 27-68 set forth the events that Plaintiffs allege to have occurred from the time Mr.

Carlson was arrested in Houston until his death on January 25, 2025, after being transported from

LaSalle General Hospital for further care.[41] Plaintiffs do not allege the occurrence of a single

interaction between Mr. Carlson and either Paul Smith, Gwen Warren, Charlette Fussell, or Tara

Lindsey in the entirety of their factual allegations section. Plaintiffs do, however, allege the actions

of multiple unnamed and unidentified individuals whom Plaintiffs refer to as the "Lieutenant,"

"employee," "nurse," and the collective "medical staff." Plaintiffs do not allege that these

unidentified individuals are Paul Smith, Gwen Warren, Charlette Fussell, or Tara Lindsey.

Plaintiffs' allegations against unidentified individuals are insufficient to support a claim against

Defendants because (1) the actions alleged against a group of unidentified individuals are

insufficient to support a claim for deliberate indifference of any specific individual defendant and

(2) the actions alleged against the unnamed individuals, even if attributed to any specific

defendant, do not meet the high standard required to state a plausible claim for deliberate

indifference.

Again, claims for deliberate indifference require a defendant-by-defendant analysis.

*Rombach*, 2021 U.S. App. LEXIS 20713, at *10 n.7. Claims under § 1983 must be filed against

"an actual identified person." *Chatman v. Correcthealth St. Tammany, L.L.C.*, No. 24-1944, 2024

U.S. Dist. LEXIS 225177, at *11 (E.D. La. Nov. 14, 2024). Claims against a group of defendants

are insufficient to state a cause of action under § 1983. *See Armstrong*, 60 F.4th at 274–75. Claims

---

[40] Doc. 1, p. 8.
[41] *Id.* at pp. 8-12.

12

alleging collective responsibility are likewise insufficient. *See Martinez,* 846 F. App'x at 243. Plaintiffs make general allegations against the "medical staff," but those claims do not plausibly show that any of the individual Defendants acted with the requisite subjective deliberate indifference necessary to be found liable under § 1983.

Even if Plaintiffs were provided the opportunity to amend their Complaint to substitute any of the individual Defendants for the unnamed individuals in their Complaint, Plaintiffs' claims would still fail. Plaintiffs allege that Mr. Carlson was "feeling ill and had a sore throat" shortly after arriving at the facility but that he didn't fill out a sick call request until January 21, 2025.[42] Plaintiffs also contend that Mr. Carlson's cellmates reported his "condition" to the "medical staff."[43] However, Plaintiffs do not describe the contents of the sick call request or which of Mr. Carlson's symptoms were reported by the unnamed "cellmates" to the unidentified "medical staff."[44] To state a claim for deliberate indifference, Plaintiffs needed to plead circumstances that would allow an inference that Defendants were subjectively aware of a substantial risk of harm to Mr. Carlson's health. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Plaintiffs allege that Mr. Carlson's symptoms included fever, throat pain, swelling, trouble breathing, fatigue, and coughing up blood, but they do not allege these symptoms were ever reported to any specific jail official, either named or unnamed.[45] Without specific allegations to show which individuals knew which facts, and when, Plaintiffs did not state a plausible claim for Defendants' subjective deliberate indifference to a substantial risk to Mr. Carlson's health.

The only specific individuals identified in Plaintiffs' Complaint to have allegedly interacted with Mr. Carlson are the unnamed "Lieutenant" and the unnamed "nurse." Plaintiffs

---

[42] Doc. 1, p. 9.
[43] *Id.* at p. 10.
[44] *Id.* at p. 10.
[45] *Id.* at pp. 9-10.

allege the unnamed "Lieutenant" told Mr. Carlson to fill out a sick call request in order to be taken to the medical clinic.[46] This allegation does not "clearly evince a wanton disregard for any serious medical needs." *See James*, 152 F.4th at 606-07; *see also Belknap v. Spinks*, No. 23-50465, 2025 U.S. App. LEXIS 28226, at *12-13 (5th Cir. Oct. 28, 2025) (holding that a jail officer instructing another officer to seek approval from more appropriate medical official demonstrates he accounted for a risk, not disregarded one). Plaintiffs allege the unnamed "nurse" evaluated Mr. Carlson when he was brought to the medical clinic and called for him to be transported to the emergency room.[47] This allegation likewise does not "clearly evince a wanton disregard for any serious medical needs." *See James*, 152 F.4th at 606-07. Plaintiffs do not allege that there was any undue delay between Mr. Carlson being evaluated and the nurse calling to transport Mr. Carlson to the hospital. Plaintiffs' allegations, taken as true, fail to exhibit deliberate indifference.

Again, deliberate indifference is an extremely high standard to meet. *Domino*, 239 F.3d at 756. None of Plaintiffs' allegations show how Paul Smith, Gwen Warren, Charlette Fussell, or Tara Lindsey, themselves, "exhibited deliberate indifference to [Mr. Carlson's] serious medical needs." *See Smith*, 2022 U.S. Dist. LEXIS 179384, at *12. The only two allegations attempting to establish any Defendants' subjective knowledge of Mr. Carlson's medical condition are alleged against a group of defendants without any supporting facts, and those allegations are only alleged "[u]pon information and belief."[48] Allowing Plaintiffs' claim to survive on such vague and threadbare allegations "would eviscerate Rule 12(b)(6), as any plaintiff could survive dismissal by simply reciting the requirements of the claim and generically alleging, 'on information and belief' that the defendant engaged in the wrongful conduct." *Carmona v. City of Brownsville*, No. 1:23-

---

[46] Doc. 1, p. 11.
[47] *Id.* at p. 12.
[48] *Id.* at p. 11.

CV-084, 2024 U.S. Dist. LEXIS 21181, at *25 (S.D. Tex. Feb. 6, 2024). Conclusory statements and threadbare recitals of the elements do not suffice to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Ultimately, Plaintiffs merely state that Defendants are liable in their individual capacities under § 1983 without properly pleading facts in support of that conclusion. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Damond v. City of Rayville*, 127 F. 4th 935, 938 (5th Cir. 2025) (internal quotations omitted).

### III.     Plaintiffs failed to plead a plausible claim under state law.

Plaintiffs' conclusory allegation that Mr. Carlson "died by the fault of the defendants"[49] is insufficient to support a state law claim against Defendants. "[G]eneral allegations against all defendants for their negligence are too conclusory to make out a clear claim against any one defendant." *Smith v. Prator*, 21-0620, 2022 U.S. Dist. LEXIS 179384, at *13 (W.D. La. Sep. 30, 2022). In § 1983 cases where claims for inadequate medical care are alleged under both federal and state law, Louisiana federal district courts apply Louisiana Civil Code article 2315 and the duty-risk analysis in determining whether to impose tort liability on defendants. *See e.g., Fletcher*, 2022 U.S. Dist. LEXIS 151493, at *31. Under that analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of

---

[49] Doc. 1, p. 26.

the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). *Roberts v. Benoit*, 605 So. 2d 1032, 1051 (La. 1992).

Plaintiffs' sparse allegations against Defendants do not suffice to raise their right to relief under state law above a speculative level. "Like the Section 1983 claims, the negligence claims require pleading with particularity as to the negligent acts of each specific defendant." *Smith*, 2022 U.S. Dist. LEXIS 179384, at *13. Plaintiffs do not allege the affirmative involvement of Paul Smith in the events leading to Mr. Carlson's death. Plaintiffs conclude that Gwen Warren, Charlette Fussell, and Tara Lindsey were aware of Mr. Carlson's condition but did not take steps to transfer him to the hospital, but they do not support that conclusion with any factual allegations. Plaintiffs needed to plead facts establishing the existence of a "duty," a "breach" of that duty, and that the alleged breach was the "cause-in-fact" and "legal cause" of the damages claimed by Plaintiffs, but they did not. Naked assertions devoid of further factual enhancement do not survive a motion to dismiss. *Johnson*, 83 F.4th at 945. Plaintiffs' state law claims against Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey should be dismissed as insufficiently pled.

## CONCLUSION

For the reasons set forth above, Defendants, Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey respectfully move the Court to enter an order dismissing all claims by Plaintiffs, Kim Carlson Lewis, as Personal Representative of Erik Carlson, deceased, and on her own behalf, and Lindsey Gratehouse, on behalf of her minor child M.G., with prejudice.

[*signature on next page*]

Respectfully submitted,

*/s/ Ryan G. Lavelle*
Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR PAUL SMITH, GWEN WARREN, CHARLETTE FUSSELL, and TARA LINDSEY*

## CERTIFICATE OF SERVICE

I certify that on April 16, 2026, a copy of this pleading was filed electronically with the

Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Ryan G. Lavelle*
RYAN G. LAVELLE