UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| KIM CARLSON LEWIS, *et al.*, | * | CIVIL ACTION NO.: |
| Plaintiffs, | * | 1:26-cv-00172 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| HARRIS COUNTY, TEXAS, *et al.*, | * | MAGISTRATE JUDGE PEREZ-MONTES |
| Defendants. | * | |
| ********************************* | * | **JURY TRIAL REQUESTED** |

**CONSOLIDATED REPLY MEMORANDUM IN SUPPORT OF RULE 12(b)(6) MOTIONS TO DISMISS (DOCS. 31, 32, 33, 34)**

Defendants, LaSalle Correctional Center, L.L.C., LaSalle Management Company, L.L.C., LaSalle Corrections, LLC, William McConnell, Clay McConnell, John Stuckey, Paul Smith, Pamela Hearn, M.D., Gwen Warren, Charlette Fussell, and Tara Lindsey (hereinafter "Defendants"), hereby respectfully submit their consolidated reply memorandum to Plaintiff's Consolidated Response to Defendants' Motions to Dismiss (Doc. 54). Pursuant to Federal Rule of Civil Procedure 12(b)(6), and for the reasons set forth below, Plaintiff's claims against Defendants should be dismissed, with prejudice.

# TABLE OF CONTENTS


**Page**

ARGUMENT ........................................................................................................ 1

I. Plaintiff fails to show how she could plausibly satisfy the high burden necessary to establish deliberate indifference. ........................................................ 1

II. Plaintiff's purported "examples" are insufficient to establish that a custom at the Olla facility was the moving force behind the alleged constitutional violation. ........................................................................................................ 6

A. Plaintiff's "examples" are not sufficiently numerous to constitute a custom. ........................................................................................................ 7

B. Plaintiff's "examples" are not sufficiently similar. .................................. 10

C. None of Plaintiff's "examples" are alleged to have occurred at the Olla facility. ........................................................................................................ 13

D. The cases cited by Plaintiff are neither binding nor persuasive. ............... 14

III. Plaintiff's claims against the purported supervisors are implausible. ................... 17

IV. Plaintiff fails to address how she might overcome the liability shield provided to William McConnell and Clay McConnell. ....................................... 19

V. Plaintiff does not dispute that she failed to request a medical review panel for her claim against Dr. Hearn. ........................................................................ 21

VI. Plaintiff cannot add additional parties to this matter in her response memorandum. ........................................................................................................ 22

VII. The official capacity claims against the individual defendants are duplicative. ........................................................................................................ 23

VIII. Plaintiff misconstrues Defendants' arguments for dismissal of the state law claims. ........................................................................................................ 23

IX. Plaintiff agrees that punitive damages are unavailable for state law violations and that non-parties cannot recover damages. .................................... 24

X. Plaintiff's claims should be dismissed with prejudice because amendment is futile. ........................................................................................................ 25

CONCLUSION ........................................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amin v. NBCUniversal Media, LLC*,
No. 5:21-cv-56-LGW-BWC, ECF 209 (S.D. Ga. June 26, 2024) ....................11

*Amos v. Cain*,
4:20-cv-7-DMB-JMV, 2020 U.S. Dist. LEXIS 211386 (N.D. Miss. Nov. 12, 2020) ....................16

*Anderson v. Marshall Cty.*,
637 F. App'x 127 (5th Cir. 2016) ....................16

*Armstrong v. Ashley*,
60 F.4th 262 (5th Cir. 2023) ....................1, 18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................6

*Audubon Real Estate Assocs., L.L.C. v. Audubon Realty, L.L.C.*,
No. 15-115, 2016 U.S. Dist. LEXIS 22387 (M.D. La. Feb. 24, 2016) ....................20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................6, 12

*Boyer v. Advanced Corr. Healthcare, Inc.*,
No. 20-cv-1123, 2023 U.S. Dist. LEXIS 103082 (W.D. Wis. June 13, 2023) ....................15

*Calhoun v. Nani Brand, Inc.*,
No. 1:25-CV-51-DAE, 2025 U.S. Dist. LEXIS 251480 (W.D. Tex. Dec. 5, 2025) ....................23

*Cantu v. Guerra*,
No. SA-20-CV-0746-JKP-HJB, 2021 U.S. Dist. LEXIS 119063 (W.D. Tex. June 25, 2021) ....................12

*City of Canton v. Harris*,
489 U.S. 378 (1989) ....................13

*Cleveland v. Bell*,
938 F.3d 672 (5th Cir. 2019) ....................1, 3

*Damond v. City of Rayville*,
127 F.4th 935 (5th Cir. 2025) ....................9

*Domino v. Texas Dep't of Crim. Justice*,
239 F.3d 752 (5th Cir. 2001) ....................................................................................1

*Evans v. Lopinto*,
No. 18-8972, 2019 U.S. Dist. LEXIS 113157 (E.D. La. July 8, 2019) ..................................21

*Fisher v. Moore*,
73 F.4th 367 (5th Cir. 2023) ....................................................................................15

*Fletcher v. Whittington*,
No. 18-1153, 2022 U.S. Dist. LEXIS 149366 (W.D. La. Aug. 19, 2022)...............................19

*Gobert v. Caldwell*,
463 F.3d 339 (5th Cir. 2006) ....................................................................................2

*Guidry v. La. Dep't of Pub. Safety*,
No. 24-30754, 2026 LX 191732 (5th Cir. Mar. 11, 2026) ...............................................17, 18

*Herr v. Volusia Cty.*,
No. 6:19-cv-394-Orl-37EJK, 2019 U.S. Dist. LEXIS 237402 (M.D. Fla. Sep. 9, 2019) ....................................................................................15

*Hollowell v. Orleans Regional Hosp. LLC*,
217 F.3d 379 (5th Cir. 2000) ....................................................................................19

*HWB, Inc. v. MetalPro Indus., L.L.C.*,
No. 05-6665, 2006 U.S. Dist. LEXIS 37271 (E.D. La. June 7, 2006)....................................20

*Johnson v. Harris County*,
83 F.4th 941 (5th Cir. 2023) ....................................................................................20

*Jones v. Hosemann*,
812 F. App'x 235 (5th Cir. 2020) ....................................................................................2

*Joseph v. Riverbend Det. Ctr.*,
No. 24-1016, 2024 U.S. Dist. LEXIS 186773 (W.D. La. Sep. 18, 2024)................................3

*Kentucky v. Graham*,
473 U.S. 159 (1985)....................................................................................22

*Landry v. La. Corr. Inst. for Women*,
No. 17-227-JWD-EWD, 2019 U.S. Dist. LEXIS 164953 (M.D. La. Sep. 26, 2019) ....................................................................................3, 4

*Lentworth v. Potter*,
255 F. App'x 903 (5th Cir. 2007) ....................................................................................17

*Martinez v. City of N. Richland Hills*,
846 F. App'x 238 (5th Cir. 2021) ........................................................................ *passim*

*Martinez v. Nueces Cnty.*,
71 F.4th 385 (5th Cir. 2023) ..........................................................................8, 13, 14

*Mitchell v. Tom Green Cty. Jail*,
No. 24-10920, 2025 U.S. App. LEXIS 23147 (5th Cir. Sep. 8, 2025) ....................................19

*Peters v. Ashcroft*,
383 F.3d 302 (5th Cir. 2004) ...........................................................................................15

*Peterson v. City of Fort Worth*,
588 F.3d 838 (5th Cir. 2009) .......................................................................................8, 10

*Piotrowski v. City of Houston*,
237 F.3d 567 (5th Cir. 2001) .............................................................................................6

*Register v. Osman Constr.*,
LLC, 24-253 ( La. App. 5 Cir 11/20/24), 410 So. 3d 821 ......................................................19

*Richard v. Gautreaux*,
No. 24-419-SDD-EWD, 2025 U.S. Dist. LEXIS 188690 (M.D. La. Sep. 25, 2025) ............................................................................................................................19

*Roe v. Johnson Cnty., Tex.*,
3:18-2497, 2019 WL 5031357 (N.D. Tex. July 29, 2019).......................................................23

*Romero v. Brown*,
937 F.3d 54 (5th Cir. 2019) ..............................................................................................17

*Rowland v. Sw. Corr.*,
No. 4:20-CV-00847-ALM-CAN, 2021 U.S. Dist. LEXIS 175583 (E.D. Tex. Aug. 17, 2021) ..................................................................................................24

*Saenz v. City of El Paso*,
637 F. App'x 828 (5th Cir. 2016) ....................................................................................8, 9

*Shadrick v. Hopkins Cty.*,
805 F.3d 724 (6th Cir. 2015) .............................................................................................16

*Smith v. Prator*,
21-0620, 2022 U.S. Dist. LEXIS 179384 (W.D. La. Sep. 30, 2022).......................................24

*Stewart ex rel. Stewart v. Turn Key Health Clinics, LLC*,
No. CIV-23-1046-JD, 2024 U.S. Dist. LEXIS 192745 (W.D. Okla. Aug. 22, 2024) ...........................................................................................................................15

*Thomas v. City of OpeloUSAs*,
No. 6:23-CV-00931, 2024 U.S. Dist. LEXIS 142272 (W.D. La. July 24, 2024)....................25

*Thomas v. Wright*,
No. 23-1614, 2025 LX 164561 (W.D. La. Mar. 27, 2025)..............................................21, 22

*United States v. Green*,
No. 6:18-CR-00183-01, 2025 U.S. Dist. LEXIS 36877 (W.D. La. Feb. 28, 2025) ........................................................................................................................15

*United States v. Rodriguez*,
660 F.3d 231 (5th Cir. 2011) ..................................................................................15

*Wilder v. Morgan*,
No. 6:20-CV-01383, 2024 U.S. Dist. LEXIS 57229 (W.D. La. Mar. 28, 2024).......................9

*William v. Weber*,
No. 24-847, 2024 U.S. Dist. LEXIS 136163 (E.D. La. Aug. 1, 2024) ...................................21

**Statutes**

La. Civ. Code art. 2320 ..................................................................................19

La. Rev. Stat. Ann. § 12:1320..............................................................................20

**Other Authorities**

Fed. R. Civ. P. 7(b) ..........................................................................................6

**ARGUMENT**

Plaintiff's claims should be dismissed because she failed to adequately plead a plausible claim for either: (1) § 1983 deliberate indifference; (2) *Monell* liability; (3) supervisor liability; or (4) liability for violations of state law. Additionally, Plaintiff failed to address how she would overcome the liability shield provided to William McConnell and Clay McConnell under Louisiana law as alleged owners of the limited liability company defendants. Furthermore, Plaintiff's claims against Dr. Pamela Hearn sounding in medical malpractice are premature. Plaintiff concedes she is not seeking punitive damages for violations of state law or seeking to recover damages on behalf of non-parties, so those claims should also be dismissed. Finally, each of Plaintiff's claims should be dismissed with prejudice because amendment of the Complaint would be futile.

**I. Plaintiff fails to show how she could plausibly satisfy the high burden necessary to establish deliberate indifference.**

The individual capacity claims against Paul Smith, Gwen Warren, Charlette Fussell, and Tara Lindsey should be dismissed because Plaintiff's Complaint does not state a plausible claim for deliberate indifference against these Defendants. "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Plaintiff was required to sufficiently plead that each of the individual defendants (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019). Plaintiff's Complaint lacks the specific factual allegations required and fails to sufficiently plead the elements of a plausible deliberate indifference claim.

As a preliminary matter, Plaintiff's Complaint should be dismissed because it suffers from group pleading. *Armstrong v. Ashley*, 60 F.4th 262, 274 (5th Cir. 2023). Deliberate indifference

cannot be shown through the actions of the cumulative group. *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021). Each named member of the group must be shown to have acted, independently, with deliberate indifference. *Id.* "It is not enough for plaintiff to simply allege that something unconstitutional happened" *Jones v. Hosemann,* 812 F. App'x 235, 238-39 (5th Cir. 2020). Plaintiff "must plead that each defendant individually engaged in actions that caused the unconstitutional harm." *Id.* at 239. Plaintiff's Complaint does not state a plausible claim for deliberate indifference because her allegations "refer to the Individual Defendants collectively and without specific distinction as to individual knowledge possessed, and the action and/or inaction committed by each." *Martinez*, 846 F. App'x at 244. Plaintiff's conclusory allegations fail to provide any detail as to how each of the individual defendants specifically violated Mr. Carlson's constitutional rights by being deliberately indifferent to his serious medical needs. *See id.*

Even if Plaintiff's claims had not been impermissibly pled against the group of defendants, Plaintiff's allegations would still fail to show that she can plausibly satisfy the elements of a deliberate indifference claim against any defendant. To satisfy the first element of her deliberate indifference claims, Plaintiff was required to sufficiently plead the applicable "*mens rea*" of deliberate indifference, which "demands subjective knowledge of a substantial health risk." *Gobert v. Caldwell*, 463 F.3d 339, 348 (5th Cir. 2006). Plaintiff failed to do so. The Complaint does not specifically allege when or from whom medical treatment was sought when Mr. Carlson first started to feel sick.[1] Plaintiff instead only attempts to establish the subjective knowledge of a collective group of individual defendants starting at the time of the first sick call request.[2] However, that knowledge is only alleged "[u]pon information and belief" without any supporting

[1] Doc. 1, p. 9.
[2] *Id.* at p. 11.

factual allegations.[3] Plaintiff's conclusory allegations do not plausibly establish that either Paul Smith, Gwen Warren, Charlette Fussell, or Tara Lindsey had "subjective knowledge" of the purported "substantial risk."

Plaintiff concedes that a deliberate indifference claim requires showing that an individual defendant had "actual knowledge" of the facts presenting an excessive risk to the prisoner's safety.[4] Plaintiff argues that the requisite "actual knowledge" can be shown through circumstantial evidence.[5] However, while deliberate indifference can be demonstrated by circumstantial evidence, it is still an "extremely high standard to meet." *Landry v. La. Corr. Inst. for Women*, No. 17-227-JWD-EWD, 2019 U.S. Dist. LEXIS 164953, at *40 (M.D. La. Sep. 26, 2019) (internal quotations omitted). Plaintiff's unsupported allegation that "staff" was informed of Mr. Carlson's medical condition is not sufficient to meet this high standard for any individual defendant. *See Joseph v. Riverbend Det. Ctr.*, No. 24-1016, 2024 U.S. Dist. LEXIS 186773, at *12 (W.D. La. Sep. 18, 2024), *adopted by*, 2024 U.S. Dist. LEXIS 185045, 2024 WL 4453810 (W.D. La., Oct. 9, 2024). "The mere fact that a detention officer was clocked in at the Jail while [Mr. Carlson] was housed there is not enough to impose individual liability for a claim under Section 1983 with sufficient specificity." *Martinez*, 846 F. App'x at 243. As a result, Plaintiff has failed to plausibly plead a deliberate indifference claim against any individual defendant.

Moreover, Plaintiff has also failed to plead any plausible facts that any individual defendant subjectively drew the inference that the risk existed and actually disregarded the risk. *See Cleveland*, 938 F.3d at 676. The facts alleged in Plaintiff's Complaint, taken as true, do not show that Mr. Smith, Ms. Warren, Ms. Fussell, or Ms. Lindsey acted with deliberate indifference.

[3] Doc. 1, p. 11.
[4] Doc. 54, p. 18.
[5] *Id.* at p. 19.

[A]llegations of inadequate, improper, and unsuccessful treatment alone generally do not suffice" to show an individual defendant was deliberately indifferent. *Landry v. La. Corr. Inst. for Women*, 2019 U.S. Dist. LEXIS 164953, at *40.

Plaintiff alleges that Mr. Carlson made two sick call requests, between which Mr. Carlson's unnamed cellmates informed unidentified medical staff of his unspecified condition.[6] The Complaint avers that Mr. Carlson filled out his first sick call request on the evening of January 21.[7] The Complaint alleges that in the time between arriving at the Olla facility on January 17, and filling out the first alleged sick call request on January 21, Mr. Carlson "started to feel sick," "had a sore throat," "had a fever," and "spent most of the day in bed."[8] Plaintiff argues in her response that the Court should infer that all these symptoms were reported in the alleged sick call request on January 21.[9] Assuming this to be correct, the alleged response by the "medical staff" to these symptoms does not rise to the level of deliberate indifference. It is not plausible that recommending an individual take over-the-counter medication for a sore throat, fever, and fatigue is the type of inadequate medical care that would rise to the level of a constitutional violation.

By the time Mr. Carlson filled out his second sick call request, Plaintiff alleges his symptoms had changed. Plaintiff avers that on the morning on January 24, Mr. Carlson was "spitting up blood" and "his neck had swollen."[10] Plaintiff further contends that Mr. Carlson filled out the second sick call request and was taken to the facility clinic to be seen by an unidentified nurse, who called for Mr. Carlson to be transported to the emergency room.[11] Plaintiff does not allege any delay in the time between the second sick call request and the facility nurse calling for

[6] Doc. 1, pp. 9-11.
[7] *Id.* at p. 10.
[8] *Id.* at p. 9.
[9] Doc. 54, p. 21.
[10] Doc. 1, p. 11.
[11] *Id.* at pp. 11-12.

transport to the emergency room. Such allegations simply do not support a plausible claim that the unidentified nurse, or any other individual, responded to the second sick call request with deliberate indifference.

The crux of Plaintiff's claim for deliberate indifference, therefore, rests on the plausibility of the Complaint's allegations involving the complaints purportedly made by the unnamed cellmates to the unidentified "medical staff." Those complaints allegedly occurred between the first alleged sick call request on January 21, and the second sick call request on January 24.[12] However, the only attempt by Plaintiff to establish that either Ms. Fussell, Ms. Warren, or Ms. Lindsey had subjective knowledge of those alleged complaints is in a bare assertion of collective responsibility that is alleged "upon information and belief" against the group of individual defendants.[13] Moreover, Plaintiff does not allege with specificity the content of those "complaints."[14] Such conclusory allegations are insufficient to show that Ms. Fussell, Ms. Warren, or Ms. Lindsey disregarded a substantial risk of which they were subjectively aware. Again, the "mere fact that a detention officer was clocked in at the Jail while [Mr. Carlson] was housed there is not enough to impose individual liability for a claim under Section 1983 with sufficient specificity." *Martinez*, 846 F. App'x at 243. Moreover, Mr. Smith is not alleged to have any knowledge of the purported cellmate complaints.

Plaintiff admits that she has failed to adequately plead a claim against Defendant, Paul Smith.[15] She asserts that Paul Smith should have been included in the supervisory allegations and Cause of Action II of her Complaint, which is brought against the Supervisor Defendants.[16]

---

[12] Doc. 1, pp. 10-11.
[13] *Id.* at p. 11.
[14] *Id.* at pp. 10-11.
[15] Doc. 54, p. 23.
[16] *Id.*

Plaintiff requests leave to amend her Complaint to make this change.[17] However, Plaintiff's request for leave to amend is improper as she has not formally moved for leave to amend or submitted a proposed amended pleading with her request. *See* Fed. R. Civ. P. 7(b); LR 7.5. In any event, the supervisor liability claims contained in Plaintiff's Complaint are likewise insufficiently pled to support a plausible claim. *See* Section III, *infra*. Accordingly, Plaintiff's request to recategorize her allegations against Mr. Smith, without the addition of any facts to support a claim of supervisor liability, does not suffice to state a plausible claim against him.

Ultimately, Plaintiff has failed to plead a plausible individual liability claim against either Mr. Smith, Ms. Fussell, Ms. Warren, or Ms. Lindsey. Accordingly, these individuals should be dismissed from this case, with prejudice.

## II. Plaintiff's purported "examples" are insufficient to establish that a custom at the Olla facility was the moving force behind the alleged constitutional violation.

Plaintiff's *Monell* liability claims against the alleged *Monell* Defendants—LaSalle Correctional Center, L.L.C., LaSalle Management Company, L.L.C., and LaSalle Corrections, LLC—should be dismissed with prejudice. Citing *Mack v. City of Abilene*, Plaintiff claims that her *Monell* claim need only give "fair notice of what [her] claim is and the grounds upon which it rests."[18] That is incorrect. Plaintiff's quoted authority from 2006 predates *Twombly* and *Iqbal*, in which the Supreme Court held plaintiffs are required to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To plead a plausible claim under *Monell*, Plaintiff was required to sufficiently allege (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose moving force is the policy or custom. *Piotrowski v. City of Houston*,

[17] Doc. 54, p. 23.
[18] *Id.*

237 F.3d 567, 578 (5th Cir. 2001). Plaintiff failed to sufficiently plead an underlying constitutional violation. *See* Section I, *supra*. Even if she had, Plaintiff's *Monell* claim would still fail because she failed to adequately plead a policy or custom of unconstitutional conduct.

Plaintiff does not allege the existence of an official policy in support of her *Monell* claims. As a result, Plaintiff was required to adequately plead a pattern of widespread unconstitutional conduct that would constitute an unconstitutional custom at the Olla facility. Plaintiff failed to do so, and therefore, her *Monell* claims should be dismissed.

A. Plaintiff's "examples" are not sufficiently numerous to constitute a custom.

In her Complaint, Plaintiff initially lists eleven (11) prior incidents of alleged constitutional violations that Plaintiff avers are "examples" of the "de facto policy within LaSalle jails."[19] Plaintiff only provides the year for seven (7) of the alleged occurrences, which purportedly occurred over a seven (7) year period between 2013 to 2019.[20] Plaintiff also lists, as an alleged example, the United States Senate's investigation into "excessive, invasive, and often unnecessary gynecological procedures" performed on detainees of a facility located in Irwin County, Georgia.[21]

In her consolidated response to Defendants' Rule 12 motions, Plaintiff reavers that these "examples" are sufficient to plausibly plead an unconstitutional custom. Plaintiff then "reviews some of those instances" in her brief.[22] In her review, Plaintiff omits the previously alleged occurrences involving (1) an unidentified inmate's slip and fall at the Jackson Parish Correctional Center, for which Plaintiff did not allege a date and (2) an unidentified inmate's stroke at an unidentified facility in 2018. It is unclear if Plaintiff no longer believes these alleged occurrences are representative of the purported custom or if Plaintiff simply chose not to emphasize those

[19] Doc. 1, pp. 15-20.
[20] *Id.* at pp. 15-20.
[21] *Id.* at pp. 19-20.
[22] Doc. 54, p. 12.

alleged occurrences in her response. Regardless, nine (9) or eleven (11) examples alleged to have occurred over the eleven (11) years prior to the events alleged in Plaintiff's Complaint is insufficient to establish a "widespread practice" necessary to plausibly plead the existence of an unconstitutional custom. *See Saenz v. City of El Paso*, 637 F. App'x 828, 832 (5th Cir. 2016). This is especially true in light of Plaintiff's allegation that the Defendants operate "at least eighteen jails throughout the states of Louisiana, Texas, Mississippi, and Georgia."[23] *See Martinez v. Nueces Cnty.*, 71 F.4th 385, 391 n.9 (5th Cir. 2023) (citation omitted) (noting "the importance of proportionality and the number of incidents necessary to establish a pattern against a larger organization").

In her response, Plaintiff takes issue with Defendants' contention that an allegation of about one incident per year is insufficient to establish a pattern capable of constituting a custom. In arguing that she has alleged sufficiently numerous "examples," Plaintiff states that "careful attention must be given to the case's procedural posture" and that "defendants rely principally" on decisions such as "*Peterson*, *Davidson*, *McConnery* [*sic*], *Pineda*, and *Sanchez*," which are all either summary judgment or post-trial rulings.[24] However, this argument is inapplicable to the moving Defendants. Defendants do not cite to either *Davidson*, *McConney*, *Pineda*, or *Sanchez* in their Rule 12 motions.[25] While Defendants do cite to *Peterson v. City of Fort Worth*, they do not cite to *Peterson* for any numerical threshold necessary to establish an unconstitutional pattern. Defendants cite to *Peterson* for the general and widely accepted proposition that adequately pleading a pattern of unconstitutional conduct requires sufficiently numerous prior incidents, as opposed to only listing isolated instances.[26] Moreover, as this Court has recognized, the Fifth

---

[23] Doc. 1, p. 6.
[24] Doc. 54, p. 24.
[25] *See* Docs. 31, 32, 33, or 34.
[26] Doc. 32-1, p. 14.

Circuit's *Peterson* decision provides important guidance in determining whether a plaintiff has stated a plausible claim for relief to survive a motion to dismiss. *Wilder v. Morgan*, No. 6:20-CV-01383, 2024 U.S. Dist. LEXIS 57229, at *6 n.20 (W.D. La. Mar. 28, 2024). Relying on the Fifth Circuit's guidance, it is readily apparent that Plaintiff's Complaint failed to allege sufficiently numerous examples to establish a pattern.

Furthermore, contrary to Plaintiff's assertion, Defendants do cite to Rule 12 decisions addressing the number of prior occurrences necessary to adequately allege a pattern of unconstitutional conduct at the pleading stage.[27] *Saenz v. City of El Paso, Damond v. City of Rayville*, and *Verastique v. City of Dallas* support Defendants' position.[28] Furthermore, unlike the Texas district court decisions relied on by Plaintiff, the decisions upon which Defendants rely were issued by the U.S. Fifth Circuit Court of Appeals.

Plaintiff's attempt to distinguish her Complaint from the complaints in *Saenz v. City of El Paso* and *Verastique v. City of Dallas* is unpersuasive and relies on a selective reading of those cases. Specifically, Plaintiff argues that *Verastique v. City of Dallas* is distinguishable in part because "many of the incidents were simply 'complaints' with no elaboration."[29] Yet at the same time, Plaintiff asks the Court to credit her vague allegation regarding "reports from detainees" of the Irwin County, Georgia facility, without further elaboration, as sufficient to allege a pattern of unconstitutional conduct.[30] Moreover, Plaintiff fails to address the holding in *Damond v. City of Rayville*, which found that six (6) occurrences over several months was insufficient to show a pattern at the pleading stage. *Damond v. City of Rayville*, 127 F.4th 935, 939 (5th Cir. 2025). Under

---

[27] Doc. 32-1, p. 14.
[28] *Id.*
[29] Doc. 54, p. 30.
[30] *Id.* at p. 27.

Fifth Circuit jurisprudence, Plaintiff has not alleged sufficiently numerous prior incidents to plausibly show a custom under *Monell*.

B. Plaintiff's "examples" are not sufficiently similar.

Plaintiff argues that her alleged examples do not need to involve similar conditions to Mr. Carlson's because the Complaint does not focus on a failure to care for a particular ailment but instead focuses on the medical care provided to detainees suffering from serious medical conditions.[31] Regardless of how broad Plaintiff wishes to plead her theory of *Monell* liability, she is required to show that the alleged pattern of prior occurrences were sufficiently similar to the events alleged in her Complaint. "A pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (internal quotations omitted).

Plaintiff's Complaint alleges that Mr. Carlson started to feel sick with a purported strep throat infection, filled out two sick call requests before being referred to the hospital for further care, and that in between those requests, Mr. Carlson's cellmates allegedly informed "medical staff" of his condition. None of the alleged "examples" in Plaintiff's Complaint are sufficiently similar to those alleged events. As set forth in Defendants' motions to dismiss, the majority of Plaintiff's "examples" involve allegations of officials at other facilities failing to properly administer prescribed medications, completely denying any provision of medical care whatsoever, or performing unnecessary hysterectomies.[32] One of the alleged examples involves the medical

[31] Doc. 54, p. 29.
[32] Doc. 32-1, p. 13.

response to a slip and fall incident at another facility.[33] Plaintiff's examples simply do not bear sufficient similarity with the events alleged in the Complaint to support a plausible *Monell* custom.

Furthermore, the U.S. Senate Investigative Report that Plaintiff cites to in her Complaint and response memorandum, which Plaintiff claims represents "***659 reports*** from detainees who described 'delayed or deficient medical care,'"[34] addressed a broad range of complaints which ranged from "cosmetic issues like dandruff and dry skin to more serious medical and mental health conditions." *See* U.S. Senate, Permanent Subcommittee on Investigations, Medical Mistreatment of Women in ICE Detention, Staff Report, at p. 13 (Nov. 15, 2022). Plaintiff does not allege the factual nature of the 659 alleged reports at the facility in Irwin County, Georgia, and thus, Plaintiff does not even attempt to show how those alleged incidents are sufficiently similar to the allegations in Plaintiff's Complaint. Moreover, the Court may take judicial notice of the fact that the allegations of unnecessary hysterectomies to which Plaintiff references in her Complaint are the subject of a defamation lawsuit by the accused doctor that was instituted after the U.S. Senate investigation cited by Plaintiff found those claims were unsubstantiated. *See Amin v. NBCUniversal Media, LLC*, No. 5:21-cv-56-LGW-BWC, ECF 209, p. 29 (S.D. Ga. June 26, 2024); U.S. Senate PSI Report, *supra*, at 3.[35]

Moreover, Plaintiff alleges that since 2015, the "Texas Commission on Jail Standards has issued multiple findings of non-compliance against LaSalle's Texas facilities."[36] Plaintiff makes no attempt to allege the actual number of "findings," which facilities in Texas were involved, or exactly what those "findings" concerned. Plaintiff provides the Court with no specific factual

---

[33] Doc. 1, p. 16.
[34] Doc. 54, p. 16 (emphasis in original).
[35] Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss. *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 372 n.6 (5th Cir. 1995).
[36] Doc. 54, p. 27.

allegations to support a conclusion that anything addressed in those "findings" are sufficiently similar to the Complaint's allegations for the purposes of her *Monell* claim. Plaintiff does not even allege that the findings concerned anything related to the administration of medical care.

Plaintiff argues that Defendants have disregarded relevant portions of the operative pleading and have therefore not met their burden under Rule 12.[37] Accordingly, Plaintiff believes Defendants "should not be heard" to make arguments regarding the dissimilarity of the alleged examples in their reply briefs.[38] This is simply not true. Defendants addressed the dissimilarity of Plaintiff's examples in their motion to dismiss.[39] The only "example" that was not addressed was the alleged "findings" of the Texas Commission on Jail Standards. However, that allegation was not included in Plaintiff's list of "examples" of policies in practice. [40] It was not initially clear it was being offered as an example of custom, especially in light of the fact there is no indication those "findings" concerned the provision of medical care in any way.

Additionally, Plaintiff argues that Defendants have failed to address relevant portions of the Complaint and repeatedly cites to the Western District of Texas's decision in *Cantu v. Guerra*. However, *Cantu* involved a decision by the district court to deny a defendant's two-page motion to dismiss that merely invoked Rule 12(b)(6) and *Twombly*. *Cantu v. Guerra*, No. SA-20-CV-0746-JKP-HJB, 2021 U.S. Dist. LEXIS 119063, at *2-4 (W.D. Tex. June 25, 2021). Defendants' motions to dismiss filed in this matter (Docs. 31, 32, 33, and 34) are clearly distinguishable from the motion dismiss in *Cantu*.

[37] Doc. 54, p. 28 n.9.
[38] *Id.*
[39] Doc. 32-1, pp. 14-15.
[40] *See* Doc. 1, pp. 15-20.

C. None of Plaintiff's "examples" are alleged to have occurred at the Olla facility.

The fact that Plaintiff has not alleged that a single purported "example" actually occurred at the subject facility in Olla, Louisiana is fatal to her *Monell* claim. Under Fifth Circuit precedent, plaintiffs that fail to allege the occurrence of a single other incident ***at the subject facility*** have failed to plausibly plead a *Monell* claim. Plaintiff's argument to the contrary lacks merit, and her cited authority is not binding on this Court and is distinguishable.

Plaintiff incorrectly claims that the Fifth Circuit's opinion in *Martinez v. Nueces Cnty.* does not support Defendants' position that Plaintiff has failed to sufficiently plead a custom necessary to support her *Monell* claim. Plaintiff alleges that the *Martinez* court dismissed the plaintiff's claims because they were sparse and conclusory.[41] However, that is not an accurate representation of the Fifth Circuit's full reasoning. The Fifth Circuit was clear that a plaintiff's failure to "allege a single instance of medical negligence (aside from his own) that occurred" at the subject facility leaves the Court no reason to conclude that a *Monell* defendant, "at an organization-wide level, had a policy of deliberate indifference that was the moving force of [plaintiff's] alleged constitutional violation at the [subject facility]." *Martinez*, 71 F.4th at 392-93. The Fifth Circuit also reasoned that dismissal of the plaintiff's claims was "doubly so" appropriate because they were *also* not alleged with sufficient detail. *Martinez*, 71 F.4th at 392 (emphasis added). Plaintiff's argument only focuses on the latter holding and ignores the former.

Moreover, the fact that none of Plaintiff's alleged examples occurred at the Olla facility also exhibits the implausibility that an alleged unconstitutional custom was the "moving force" behind Plaintiff's alleged constitutional violations. Liability under § 1983 requires "a direct causal link between a municipal policy or custom and the alleged constitutional violation. *City of Canton*

---

[41] Doc. 54, p. 32.

*v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff failed to plausibly show that an unconstitutional custom at the Olla facility was the "moving force" of Mr. Carlson's death because, even accepting Plaintiff's allegations as true, Plaintiff has not alleged a single example to plausibly show that an unconstitutional custom existed at the Olla facility. "Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Martinez*, 71 F.4th at 390 n.6 (emphasis in original) (internal quotations omitted).

Plaintiff claims that the *Martinez* decision only concerns deficiencies in the "specific complaint being analyzed."[42] This is not true. In *Martinez*, the Fifth Circuit upheld the district court's decision to deny leave to file an amended complaint that "included exhibits describing lawsuits, allegations, and investigations against [defendant] for injuries and deaths of inmates from medical negligence, along with allegations that [defendant] continuously prioritizes profit over quality medical care." *Martinez*, 71 F.4th at 391. Such allegations were found to be insufficient. *Id.* Here, Plaintiff lists a limited number of purported lawsuits, allegations, and investigations involving Defendants, and then merely concludes that these alleged bad outcomes are a result of Defendants prioritizing profits over quality medical care.[43] The *Martinez* opinion does not only concern the specific complaint analyzed; it concerns the exact same deficiencies contained in Plaintiff's Complaint in this matter.

D. <u>The cases cited by Plaintiff are neither binding nor persuasive.</u>

In support of her argument that incidents at other facilities are relevant, Plaintiff devotes much of her response memorandum discussing the holdings from other appellate circuit courts and

---

[42] Doc. 54, p. 32.
[43] Doc. 1, pp. 15-21; *Id.* at ¶¶ 83, 84, 86, 91.

district courts located outside of the Fifth Circuit.[44] However, Plaintiff's cited authority is not binding on this Court. It is undisputed that the Fifth Circuit is not bound by decisions issued by its sister circuits. *See e.g., Fisher v. Moore*, 73 F.4th 367, 372 (5th Cir. 2023); *Peters v. Ashcroft*, 383 F.3d 302, 305 n.2 (5th Cir. 2004); *United States v. Rodriguez*, 660 F.3d 231, 233 (5th Cir. 2011). Likewise, district courts within the Fifth Circuit are bound by U.S. Supreme Court and Fifth Circuit precedent. District courts are "not bound by precedents of other circuits and should not adopt the precedent of sister circuits when the Fifth Circuit Court of Appeals has clearly established controlling precedents." *United States v. Green*, No. 6:18-CR-00183-01, 2025 U.S. Dist. LEXIS 36877, at *1-2 (W.D. La. Feb. 28, 2025). In light of clear Fifth Circuit precedent on this issue, as outlined herein, *supra*, Plaintiff's reliance on the decisions of other circuits is misplaced and cannot guide the Court's decision.

Not only are the decisions cited by Plaintiff not binding, but those decisions also involve factual allegations distinguishable from those made in Plaintiff's Complaint. Specifically, the plaintiffs in the majority of those decisions alleged prior constitutional violations that occurred at the subject facility. *See Herr v. Volusia Cty.*, No. 6:19-cv-394-Orl-37EJK, 2019 U.S. Dist. LEXIS 237402, at *14 (M.D. Fla. Sep. 9, 2019) (noting two of the 100 alleged lawsuits arose out of care at the subject facility); *Boyer v. Advanced Corr. Healthcare, Inc.*, No. 20-cv-1123-jdp, 2023 U.S. Dist. LEXIS 103082, at *13 (W.D. Wis. June 13, 2023) (recognizing 19 of the alleged prior incidents occurred at the subject facility within a six year period); *Stewart ex rel. Stewart v. Turn Key Health Clinics, LLC,* No. CIV-23-1046-JD, 2024 U.S. Dist. LEXIS 192745, at *12 (W.D. Okla. Aug. 22, 2024) (noting three of the alleged incidents occurred at the subject facility). Additionally, the *Stewart* decision is further distinguishable in that the Court found 15 examples

---

[44] *See e.g.,* Doc. 54, pp. 32-34.

occurring within the last five years "may sufficiently establish the existence of a pattern or practice." *Stewart ex rel. Stewart*, 2024 U.S. Dist. LEXIS 192745, at *16. This is simply not the case here as zero (0) of Plaintiff's "examples" are alleged to have occurred within the five years before the events alleged in the Complaint.[45]

Notably, Plaintiff's principal case, *Shadrick v. Hopkins County*, does not stand for the proposition that similar incidents at other facilities are relevant for *Monell* custom purposes. The Sixth Circuit in *Shadrick* simply recognized that prior incidents "may be relevant" but did "not address [that] argument" in its opinion, choosing instead to leave that "issue for the district court to resolve on remand." *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 744 (6th Cir. 2015). Similarly, Plaintiff cites *Amos v. Cain*, but that case likewise does not hold that incidents at other facilities are relevant for establishing a *Monell* custom. In *Amos*, the Northern District of Mississippi determined that statements attributed to the Mississippi Department of Corrections ("MDOC") regarding seventy-one (71) inmate deaths at MDOC facilities occurring within eight (8) months "may also be relevant" to a "deliberate indifference claim" when deciding a plaintiff's motion to take judicial notice, but only if those prior incidents concerned "substantially similar" facts. *See Amos v. Cain*, 4:20-cv-7-DMB-JMV, 2020 U.S. Dist. LEXIS 211386, at *15-16 (N.D. Miss. Nov. 12, 2020).

Ultimately, Plaintiff has failed to adequately plead either an underlying constitutional violation or a custom of unconstitutional conduct that was the moving force of the constitutional violation she alleges. For these same reasons, any "failure-to-train" claims brought in this matter should also be dismissed. "Even within the difficult world of *Monell* liability, failure-to-train

---

[45] *See* Doc. 1, pp. 15-20.

claims are especially difficult to establish." *Anderson v. Marshall Cty.*, 637 F. App'x 127, 134 (5th Cir. 2016). As a result, all Plaintiff's claims against the *Monell* defendants should be dismissed.

**III. Plaintiff's claims against the purported supervisors are implausible.**

Plaintiff's claims against the alleged Supervisor Defendants—John Stuckey, Pamela Hearn, M.D., William McConnell, and Clay McConnell—should be dismissed with prejudice. A supervisor official is only liable under § 1983 if the supervisor either (1) affirmatively participated in the acts causing the alleged constitutional deprivation or (2) implemented an unconstitutional policy that causally resulted in the plaintiff's injuries. *Lentworth v. Potter*, 255 F. App'x 903, 905 (5th Cir. 2007). Plaintiff concedes that none of the Supervisor Defendants were personally involved in Mr. Carlson's care.[46] Accordingly, Plaintiff was required to sufficiently plead that the Supervisor Defendants implemented an unconstitutional policy, which is akin to the standard for municipal liability. *Romero v. Brown*, 937 F.3d 54, 523 (5th Cir. 2019).

As set forth in Section II, *supra*, Plaintiff has not sufficiently pled the existence of an unconstitutional policy or custom that was the "moving force" of any alleged constitutional violation. The allegations of isolated incidents in Plaintiff's Complaint are neither sufficiently similar nor sufficiently numerous to plausibly establish a custom of unconstitutional conduct at the Olla facility. Furthermore, Plaintiff has failed to plead any supporting facts that would plausibly show that any of the Supervisor Defendants had constructive notice of any alleged unconstitutional policy.

Plaintiff incorrectly claims that Defendants misunderstand the law and that Plaintiff may generally allege the constructive knowledge of the group of supervisor defendants without any supporting factual content specific to any supervisor.[47] To the contrary, to establish supervisor

---

[46] Doc. 54, p. 45.
[47] *Id.* at p. 45.

liability, Plaintiff was required to show the deliberate indifference of each supervisor, which "is an extremely high standard to meet." *Guidry v. La. Dep't of Pub. Safety*, No. 24-30754, 2026 LX 191732, at *10 (5th Cir. Mar. 11, 2026). A prison official is deliberately indifferent if he knows of an excessive risk to inmate health or safety and disregards that risk. *Id.* This knowledge requirement is subjective: the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* (citing *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008)).

Plaintiff failed to sufficiently plead the subjective knowledge requirement of each Supervisor Defendant. For example, consider Plaintiff's claims against Defendant, John Stuckey. Plaintiff failed to show how Mr. Stuckey, as Warden of the Olla facility, would have acquired the constructive knowledge of alleged incidents in which Plaintiff does not claim he was involved, occurring at other facilities, the majority of which are located in other states. This is exactly why Plaintiff's attempt to group plead claims against the Supervisor Defendants is improper. Group pleading claims may be dismissed as insufficiently pled because § 1983 actions require individual allegations against each separate defendant to establish liability. *See Armstrong*, 60 F.4th at 274–75.

The same is true for Dr. Hearn, William McConnell, and Clay McConnell. Plaintiff was required to allege more than just the Defendants' titles and alleged responsibilities. Plaintiff needed to plead specific facts as to each defendant that would establish the subjective knowledge requirement. Plaintiff did not do so and her claims simply cannot survive on a theory of collective responsibility. *Martinez*, 846 F. App'x at 243.

Plaintiff's failure to train claims against the Supervisor Defendants are similarly threadbare and fail for this same reason. A supervisor may also be liable for failure to supervise or train if: (1)

the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Richard v. Gautreaux*, No. 24-419-SDD-EWD, 2025 U.S. Dist. LEXIS 188690, at *25 (M.D. La. Sep. 25, 2025). Plaintiff's Complaint contains insufficient supporting factual allegations regarding any Supervisor Defendant's specific failure to train a subordinate official, a causal link between the purported failure to train and alleged constitutional violation, or that any of the Supervisor Defendants acted with deliberate indifference. Vague and conclusory allegations are insufficient to allege that any deficiency in supervision or training constituted deliberate indifference. *Mitchell v. Tom Green Cty. Jail*, No. 24-10920, 2025 U.S. App. LEXIS 23147, at *3 (5th Cir. Sep. 8, 2025).

"Under Section 1983, an official cannot be held vicariously liable for the conduct of those under his supervision." *Fletcher v. Whittington*, No. 18-1153, 2022 U.S. Dist. LEXIS 149366, at *13 (W.D. La. Aug. 19, 2022) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). Under state law, *employers* may be held vicariously liable for the acts of their employees for violations of state law, but not "supervisors." *See* La. Civ. Code art. 2320 (emphasis added). Plaintiff impermissibly seeks to hold the alleged Supervisor Defendants liable for the purported acts of their subordinates. Accordingly, John Stuckey, Pamela Hearn, M.D., William McConnell, and Clay McConnell should be dismissed from this action, with prejudice.

**IV. Plaintiff fails to address how she might overcome the liability shield provided to William McConnell and Clay McConnell.**

The Louisiana Supreme Court has held that the "limited liability of an L.L.C. member shall be construed as the general rule and personal liability as an exception strictly framed by the law." *Register v. Osman Constr.*, LLC, 24-253 ( La. App. 5 Cir 11/20/24), 410 So. 3d 821, 825. Plaintiff

does not contest that Louisiana corporate veil piercing law applies to claims brought under federal law. *See e.g., Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 385 (5th Cir. 2000).

Instead, Plaintiff incorrectly asserts that William McConnell and Clay McConnell's argument for application of the liability shield is not appropriately considered at the briefing stage.[48] That, however, is false. The Court is permitted to assess the plausibility of Plaintiff's claims against William McConnell and Clay McConnell in light of any defenses available to them, including the liability shield provided to them by La. Rev. Stat. Ann. § 12:1320. *See e.g., Audubon Real Estate Assocs., L.L.C. v. Audubon Realty, L.L.C.*, No. 15-115, 2016 U.S. Dist. LEXIS 22387, at *11 (M.D. La. Feb. 24, 2016) (evaluating plaintiff's ability to overcome § 12:1320's protection from liability in ruling on motion to dismiss); *HWB, Inc. v. MetalPro Indus., L.L.C.*, No. 05-6665, 2006 U.S. Dist. LEXIS 37271, at *10-11 (E.D. La. June 7, 2006) (granting member of L.L.C.'s motion to dismiss on § 12:1320 grounds).

Plaintiff does not plead any specific factual involvement by William McConnell or Clay McConnell that would warrant an exception to the liability shield they are afforded under § 12:1320(A). Plaintiff does not adequately address in her response memorandum how she can satisfy the four-factor test set forth in *Ogea v. Merritt* to hold William McConnell or Clay McConnell personally liable. Plaintiff's Complaint was required to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Johnson v. Harris County*, 83 F.4th 941, 945 (5th Cir. 2023) (citations omitted).Without any factual allegations to show that William McConnell or Clay McConnell would be held personally liable for the alleged liabilities of the limited liability companies, Plaintiff's claims against the McConnell Defendants should be dismissed as insufficiently pled.

[48] Doc. 54, pp. 43-44.

**V. Plaintiff does not dispute that she failed to request a medical review panel for her claim against Dr. Hearn.**

Plaintiff does not dispute that Dr. Hearn is a qualified healthcare provider under the Louisiana Medical Malpractice Act ("LMMA").[49] Plaintiff instead argues that her state law claim against Dr. Hearn is not premature because she is being sued as a "policymaker," not a "medical provider."[50] Plaintiff's attempted clarification results in even more confusion because Plaintiff never specifies which state law theory of liability she seeks to allege against Dr. Hearn as a "policymaker." To the extent Plaintiff's purported state law claim against Dr. Hearn sounds in medical malpractice, that claim is premature pending the outcome of a medical review panel.

The Fifth Circuit has found that the LMMA applies to state law medical malpractice claims filed in federal court. *Evans v. Lopinto*, No. 18-8972, 2019 U.S. Dist. LEXIS 113157, at *16 (E.D. La. July 8, 2019) (citing *Seoane v. Ortho Pharmaceuticals, Inc.*, 660 F.2d 146 (5th Cir. 1981)). State law claims governed by the LMMA cannot proceed until a medical review panel has issued its decision. *Id.* Plaintiff has not satisfied that prerequisite to suit.

In *William v. Weber*, the plaintiff brought claims under § 1983 for inadequate medical care and under state law against both "nurses and nursing *supervisors*." *See William v. Weber*, No. 24-847, 2024 U.S. Dist. LEXIS 136163, at *1-2 (E.D. La. Aug. 1, 2024) (emphasis added). The *Williams* court found that state law claims were premature because according to the LMMA, the plaintiff needed to present those claims to a medical review panel prior to filing suit. *Id.* at 13-14. Similarly, this Court in *Thomas v. Wright* found that the state law negligence claims against the defendant-doctor, who was also being sued under a theory of *supervisor liability* pursuant to §

[49] Doc. 54, p. 47. Plaintiff's failure to dispute the contention that Dr. Hearn is a qualified healthcare provider is sufficient to establish her status as such for purposes of a motion to dismiss. *See e.g., Thomas v. Wright*, No. 23-1614, 2025 LX 164561, at *10 (W.D. La. Mar. 27, 2025).

[50] *Id.*

1983, were premature because those claims were not previously presented to a medical review panel. *Thomas v. Wright*, No. 23-1614, 2025 LX 164561, at *11 (W.D. La. Mar. 27, 2025) (emphasis added). Therefore, it is irrelevant that Plaintiff seeks to hold Dr. Hearn liable as a "policymaker." The state law claims against her that are related to the alleged failure to provide adequate medical care sound in medical malpractice and are governed by the LMMA. Plaintiff has not submitted those claims to a medical review panel. Accordingly, those claims are premature and should be dismissed.

**VI. Plaintiff cannot add additional parties to this matter in her response memorandum.**

Plaintiff states in her response memorandum that additional, unnamed parties are now defendants in this matter.[51] It is Plaintiff's position that her official capacity claims against the individual defendants in this case somehow renders "additional affiliated entities" properly joined to this lawsuit without any prior specific reference to those entities. Plaintiff boldly claims that "[t]here is good reason to think that such additional entities are defendants in this case."[52]

Defendants are not aware of any "implied defendant doctrine." Plaintiff's baseless assertion raises a multitude of serious procedural, notice, and constitutional issues. In support of her position, Plaintiff cites to the Supreme Court's decision in *Kentucky v. Graham* for the proposition that official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent."[53] However, in the very next sentence, the Supreme Court qualifies that proposition in holding that "[a]s long as the government entity receives *notice and an opportunity to respond*, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis added).

---

[51] Doc. 54, p. 37.
[52] *Id.* at p. 37 n.12.
[53] *Id.* at p. 37.

Without knowing which entities Plaintiff believes she has impliedly joined via her "official capacity" claims, it cannot be determined whether those entities have received notice of Plaintiff's lawsuit. Furthermore, those "impliedly joined" entities surely have not had opportunity to respond to the lawsuit. If Plaintiff wishes to amend her lawsuit to add additional parties, she should "do so in separate motion, justify the grounds on which [she] seeks to amend, and ensure compliance with all Local Rules." *Calhoun v. Nani Brand, Inc.*, No. 1:25-CV-51-DAE, 2025 U.S. Dist. LEXIS 251480, at *14 (W.D. Tex. Dec. 5, 2025).

**VII. The official capacity claims against the individual defendants are duplicative.**

When a plaintiff brings a *Monell* liability claim against an entity and an official capacity claim against that entity's official, the two claims "essentially merge," and the official capacity claim may be dismissed as duplicative. *Roe v. Johnson Cnty., Tex.*, 3:18-2497, 2019 WL 5031357 at *15 (N.D. Tex. July 29, 2019) (citations omitted). Plaintiff argues that the official capacity claims against the individual defendants must remain because those claims represent *Monell* liability claims against unidentified "additional affiliated entities."[54] As set forth in Section VI, *supra*, that argument has no legal basis.

Plaintiff has sued LaSalle Correctional Center, L.L.C., LaSalle Management Company, L.L.C., and LaSalle Corrections, LLC for *Monell* liability. Because Plaintiff has also brought official capacity claims against the individual defendants as officials of the named entities, those claims should be dismissed as duplicative.

**VIII. Plaintiff misconstrues Defendants' arguments for dismissal of the state law claims.**

Plaintiff believes that Defendants either ignore or fail to account for the "incorporation paragraph" in her state law cause of action. This is not the case. It is Defendants' position that,

---

[54] *See* Doc. 54, p. 37.

even considering the one hundred and twenty-four (124) previous paragraphs in Plaintiff's Complaint, Plaintiff has still not sufficiently pled a claim under state law because those claims are not supported by sufficient factual allegations to survive a motion to dismiss. Moreover, Plaintiff failed to identify with specificity exactly which type of state law claims she is bringing. As a result, Plaintiff failed to provide the Court with a basis to conclude that she has sufficiently pled the elements of any potential state law claims.

More importantly, however, Plaintiff's state law claims should be dismissed because the Complaint "impermissibly lumps Defendants together without any allegations of individualized conduct." *Rowland v. Sw. Corr.*, No. 4:20-CV-00847-ALM-CAN, 2021 U.S. Dist. LEXIS 175583, at *36 (E.D. Tex. Aug. 17, 2021). "[G]eneral allegations against all defendants for their negligence are too conclusory to make out a clear claim against any one defendant." *Smith v. Prator*, 21-0620, 2022 U.S. Dist. LEXIS 179384, at *13 (W.D. La. Sep. 30, 2022). Plaintiff's implausible state law claims "cannot hide behind group pleading" because doing so does not allow the Court the ability "to discern the specific duties owed, and conduct alleged to have breached those duties, as to each Defendant." *Rowland*, 2021 U.S. Dist. LEXIS 175583, at *36. Plaintiff's conclusory and collective allegations simply do not support a plausible state law claim against any of the Defendants.

## IX. Plaintiff agrees that punitive damages are unavailable for state law violations and that non-parties cannot recover damages.

Plaintiff concedes that punitive damages are unavailable for alleged violations of state law.[55] Additionally, Plaintiff has clarified that she is not seeking damages on behalf of non-parties.[56] Therefore, to the extent Plaintiff's Complaint may be understood as seeking either

[55] Doc. 54, p. 48 n.13.
[56] *Id.*

punitive damages for alleged violations of state law or any alleged damages on behalf of non-parties, those claims should be dismissed with prejudice.

**X. Plaintiff's claims should be dismissed with prejudice because amendment is futile.**

An amendment to a complaint is futile if the amended complaint would fail to survive a Rule 12(b)(6) motion to dismiss. *Thomas v. City of OpeloUSAs*, No. 6:23-CV-00931, 2024 U.S. Dist. LEXIS 142272, at *12 (W.D. La. July 24, 2024). Even if discovery establishes that the conduct alleged against the individual defendants is true, those allegations do not plausibly establish the defendants' deliberate indifference. Moreover, Plaintiff cannot plead the existence of sufficient additional incidents that would tend to show a pattern of unconstitutional conduct at the Olla facility. Plaintiff relies on a limited number of allegations of wrongdoing at other facilities. If Plaintiff was able to plead the existence of sufficient additional incidents occurring at the Olla facility, she would have done so. Any proposed amendment by Plaintiff would therefore be futile. Plaintiff's claims against Defendants should be dismissed with prejudice.

## CONCLUSION

Plaintiff failed to sufficiently plead a plausible claim for relief against Defendants. Accordingly, Defendants respectfully request that the Court grant their motions to dismiss (Docs. 31, 32, 33, and 34), and dismiss all Plaintiff's claims against Defendants, with prejudice.

[*signature on next page*]

Respectfully submitted,

*/s/ Ryan G. Lavelle*

Deirdre C. McGlinchey, T.A. (24167)
dmcglinchey@joneswalker.com
T. Gregory Schafer (24635)
gschafer@joneswalker.com
Ryan G. Lavelle (41305)
rlavelle@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*ATTORNEYS FOR LASALLE CORRECTIONAL CENTER, L.L.C., LASALLE CORRECTIONS, LLC, LASALLE MANAGEMENT COMPANY, L.L.C., WILLIAM McCONNELL, CLAY McCONNELL, JOHN STUCKEY, PAUL SMITH, PAMELA HEARN, M.D., GWEN WARREN, CHARLETTE FUSSELL, and TARA LINDSEY*

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2026, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Ryan G. Lavelle*
RYAN G. LAVELLE